UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 0 1 2022

Nathan Ochsner, Clerk of Court

MATTHEW BAKER; ROBERT ANDREWS;
TIMOTHY CONE; ALLEN KERNS;
JAMES ELMORE; ADAM THOMAS;
WILLIAM OLIVER; SETH BATTERTON;
DANNIE CARTER; and JUAN MARTINEZ

Individually and on behalf of all
others similarly situated.

PLAINTIFFS,

V.

BRYAN COLLIER; OSCAR MENDOZA;
BOBBY LUMPKIN; PATRICK D.
O'DANIEL; DERRELYNN PERRYMAN;
LARRY D. MILES; E.F. MANO
DeAYALA; MOLLY FRANCIS;
FAITH JOHNSON; SICHAN SIV;
ERIC NICHOLS; and RODNEY
BURROW

Individually and in his or her
official capacity.

DEFENDANTS.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION No. _____

## ORIGINAL COMPLAINT

### I.
### JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. 1983 to redress the depreva-
tion, under color of state law, of rights secured by the Constitution
of the United States. The Court has jurisdiction under 28 U.S.C. 1331
and 1343(a)(3). Plaintiffs seek declaratory relief pursuant to 28 U.S.C.
2201 and 2202. Plaintiffs claims for injunctive relief are authorized
by 28 U.S.C. 2283 & 2284, and Rule 65 of the Federal Rules of Civil
Procedure.

2. The Southern District of Texas is an appropriate venue under 28 U.S.C.
1391(b)(2) because it is where the events giving rise to this claim
ocurred.

II.
PLAINTIFFS

3.  Plaintiff Matthew Baker is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice. He is currently assigned to the French M. Robertson Unit, in Abilene, Texas.

4.  Plaintiff Robert Andrews is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice. He is currently assigned to the French M. Robertson Unit, in Abilene, Texas.

5.  Plaintiff Timothy Cone is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice. He is currently assigned to the French M. Robertson Unit, in Abilene, Texas.

6.  Plaintiff Allen Kerns is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice. He is currently assigned to the French M. Robertson Unit, in Abilene, Texas.

7.  Plaintiff James Elmore is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice. He is currently assigned to the French M. Robertson Unit, in Abilene, Texas

8.  Plaintiff Adam Thomas is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice. He is currently assigned to the French M. Robertson unit, in Abilene, Texas.

9.  Plaintiff William Oliver is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice. He is currently assigned to the French M. Robertson Unit, in Abilene, Texas.

10. Plaintiff Seth Batterton is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice. He is currently assigned to the French M. Robertson Unit, in Abilene, Texas.

11. Plaintiff Dannie Carter is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice. He is currently assigned to the French M. Robertson Unit, in Abilene, Texas.

12. Plaintiff Juan Martinez is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice. He is currently assigned to the French M. Robertson Unit, in Abilene, Texas.

III.
DEFENDANTS

13. Defendant Bryan Collier is the Executive Director of the Texas Department of Criminal Justice. He is legally responsible for providing safe and and appropriate confinement, supervision, rehabilitation and reintegration of TDCJ Residents, and to effectively manage or administer facilities based on Constitutional and statutory standards.

14. Defendant Oscar Mendoza is the Deputy Executive Director of the Texas Department of Criminal Justice. He is legally responsible for providing safe and appropriate confinement, supervision, rehabilitation and reintegration of TDCJ Residents, and to effectively manage or administer facilities based on Constitutional and statutory standards.

15. Defendant Bobby Lumpkin is the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. He is legally responsible for providing safe and appropriate confinement, supervision, rehabilitation and reintegration of TDCJ Residents, and to effectively manage or administer facilities based on Constitutional and statutory standards.

16. Defendant Patrick L. O'Daniel is the Chairman of the Texas Board of Criminal Justice and is legally responsible for the creation of policy for the Texas Department of Criminal Justice. He is also responsible, as a Board Member, for the oversight of the operation of TDCJ and for the welfare of all residents in the TDCJ.

17. Defendant Derrelynn Perryman is the Vice-Chairman of the Texas Board of Criminal Justice and is legally responsible for the creation of policy for the Texas Department of Criminal Justice. She is also responsible, as a Board member, for the oversight of the operation of TDCJ and for the welfare of all residents in the TDCJ.

18. Defendant Larry D. Miles is the secretary of the Texas Board of Criminal Justice and is legally responsible for the creation of policy for the Texas Department of Criminal Justice. He is also responsible, as a Board Member, for the oversight of the operation of TDCJ and for the welfare of all residents in the TDCJ.

19. Defendant E.F. Mano DeAyala is a member of the Texas Board of Criminal Justice and is legally responsible for the creation of policy for the Texas Department of Criminal Justice. He is also responsible, as a Board Member, for the oversight of the operations of TDCJ and for the welfare of all residents in the TDCJ.

20. Defendant Molly Francis is a member of the Texas Board of Criminal Justice and is legally responsible for the creation of policy for the Texas Department of Criminal Justice. She is also responsible, as a Board Member, for the oversight of the operation of TDCJ and for the welfare of all residents in the TDCJ.

21. Defendant Faith Johnson is a member of the Texas Board of Criminal Justice and is legally responsible for the creation of policy for the Texas Department of Criminal Justice. She is also responsible, as a Board Member, for the oversight of the operation of TDCJ and for the welfare of all residents in the TDCJ.

22. Defendant Sichan Siv is a member of the Texas Board of Criminal Justice and is legally responsible for the creation of policy for the Texas Department of Criminal Justice. He is also responsible, as a Board Member, for the oversight of the operation of TDCJ and for the welfare of all residents in the TDCJ.

23. Defendant Eric Nichols is a member of the Texas Board of Criminal Justice and is legally responsible for the creation of policy for the Texas Department of Criminal Justice. He is also responsible, as a Board member, for the oversight of the operation of TDCJ and for the welfare of all residents in the TDCJ.

24. Defendant Rodney Burrow is a member of the Texas Board of Criminal Justice and is legally responsible for the creation of policy for the Texas Department of Criminal Justice. He is also responsible, as a Board member, for the oversight of the operation of TDCJ and for the welfare of all residents in the TDCJ.

25. Each Defendant is sued individually and in his or her official capacity. At all times mentioned in this Complaint, each Defendant acted under the color of state law.

IV.
FACTS

26. Incarcerated Residents of the Texas Department of Criminal Justice are HUMAN.

27. Because they are human, they are inherently susceptable to all limitations and ailments as all other humans – including exposure to extreme temperatures. For example, at 100°F heatstroke becomes imminent even for those in good health.

28. The Earth's climate is warming, meaning that the temperatures of the lower atmosphere and ocean have been increasing over many decades. Average global surface air temperatures warmed by about 1.5°F between 1880 and 2012. See, Texas A&M University. 2022. "Faculty Statement on Climate

Change" <http://atmo.tamu.edu/about/faculty-statement-climate-change/index.html>

29. Under so-called "business-as-usual" emissions scenarios, additional global-average warming (relative at a 1986-2005 baseline) would likely be 2.5-7°F by the end of this century. Texas A&M University, id.

30. As such, continued rising of atmospheric and oceanic temperatures present the risk of serious challenges to human society and ecosystems. Texas A&M University, id.

31. The impacts of climate change are affecting people in every region of the country, threatening lives and livelihoods and damaging infrastructure, ecosystems, and social systems in communities across the nation. Certain communities and individuals are particularly vulnerable to these impacts, including low-income communities and communities of color, children, the elderly, tribes and indigenous people. Climate change can also exacerbate existing pollution problems and environmental stressers. See, U.S. Environmental Protection Agency Policy Statement on Climate Change <https://www.epa.gov/climate-adaptation/climate-adaptation-policy-statement>

32. Some of the effects of climate change are likely to include more variable weather, heat waves, heavy precipitation events, flooding, droughts, more intense storms such as hurricanes, sea level rise, and air pollution. Each of these changes has the potential to negatively affect health. While climate change is recognized as a global issue, the effects will vary across geographic regions and populations. See, Centers for Disease Control and Prevention. 2019. "CDC Policy on Climate Change and Public Health" <https://www.cdc.gov/climateandhealth/pubs/climate_change_policy.pdf>

33. The greenhouse gases (GHGs) in the atmosphere trap radiant energy, warming earth's surface and oceans. Scientific assessments conclude that GHGs very likely have been the main driver of warming of the earth's lower atmosphere since 1979. The most recent global assessment projected that surface temperatures would continue to rise until at least mid-century even under the lowest GHG emission scenarios considered. See, Congressional Research Service. 2021. "U.S. Climate Change Policy" <https://crsreport.congress.gov/product/pdf/R/R46947>

34. It is common knowledge that Texas is a state prone to extreme temperatures and drought. In mid-August 2022, 97% of Texas was experiencing either the first or second most severe category of drought. According to the Climate Impact Lab, temperatures in the Texas summer months average 74 days over 95°F. By 2036, there will be nearly twice as many 100°F days as they are today.

35.



These maps from the Climate Impact Lab, a data-driven research group, show average temperatures in the summer months both today and, based on current projections, in the not-so-distant future.

**THE DANGER ZONE**

Before training outdoors, check the heat index, which factors in temperature and humidity. When the index is 90-plus (82 degrees F or higher and humidity 85 percent or higher), be extra cautious.

**NUMBER OF DAYS PER YEAR OVER 95 DEGREES**

TODAY/TOMORROW

| New York 4/30 | Oregon 10/31 | Illinois 12/51 | | Colorado 17/54 | California 40/72 | Texas 74/135 |

36. In Abilene, Texas, the summer of 2022 exceeded this average of 74 days over 95°F. Specifically, there was 134 days over 90°F; 100 days over 95°F; 64 days over 100°F; 32 days over 103°F; and 17 days over 105°F. The maximum temperature on the 7th, 8th and 19th May 2022 was 106°F; while the maximum temperature on 12th June 2022 was 108°F and on 19th July 2022 it was 110°F.

37. In light of authorities projections on climate change, the extreme temperatures experienced in 2022 will likely become the norm in Texas, rather than the exception.

38. Due to the propensity of extreme heat, the Texas authorities have made it illegal to leave a child or pet unattended in a car. The rationale for this law is just and obvious. The inside temperature of an enclosed space like a vehicle can quickly reach unsafe and dangerous temperatures that can cause heatstroke and subsequent disability or death.

39. As David Fathi, director of the American Civil Liberties Union National Prison Project, explained to The Intercept: "Everyone understands that if you leave a child in a car on a hot day, there's a serious risk this child could be injured or die. And that's exactly what we're doing when we leave prisoners locked in cells when the heat and humidity climb beyond a certain level". Although children and pets may be more vulnerable to heat, adults can also become permanently disabled or die through heatstroke and exposure to extreme heat. This occurs when the body temperature reaches 103°F or higher, which prohibits the human body from regulating its core temperature through perspiration.

40. Plaintiffs highlight the materially indistinguishable similarities between the heat risks and dangers caused by confinement in a vehicle and confine in a prison cell. Both are confined spaces where the occupant has absolutely no control over the temperature or ability to properly mitigate such. Both spaces have an innate propensity to qickly reach unsafe and deadly temperatures.

41. Throughout the history of imprisonment in Texas, incarcerated residents have experienced great harm from extreme heat. Although the number of incarcerated residents who have fallen ill or died from exposure to extreme heat throughout Texas' carceral history is unknown (accurate records have not been kept by authorities), there are notable clusters of heat related illnesses and deaths.

42. Within the TDCJ there are currently 70 units/facilities that are not fully air-conditioned and thus have no way to keep temperatures at humane levels. 49 of the 70 units are partially air-conditioned, while the remaining 21 units have no air-conditioning at all. This constitutes a collective 107,295 TDCJ beds where residents are exposed to extreme temperatures in their housing areas without the means to meaningfully regulate the temperature.

43. The 49 TDCJ units that are partially air-conditioned are:

| | No. Beds w/o AC | No. Beds w/ AC | Unit Capacity |
|---|---|---|---|
| Allred | 2865 | 857 | 3722 |
| Boyd | 1365 | 7 | 1372 |
| Bradshaw | 216 | 40 | 256 |
| Briscoe | 369 | 1015 | 1384 |
| Clements | 2464 | 1334 | 3798 |
| Cole | 875 | 25 | 900 |
| Connally | 1626 | 522 | 2148 |
| Crain | 1327 | 788 | 2115 |
| Dalhart | 1391 | 7 | 1398 |
| Daniel | 1377 | 7 | 1384 |
| Dominguez | 2066 | 210 | 2276 |
| Estelle | 2500 | 980 | 3480 |
| Formby | 1075 | 25 | 1100 |
| Garza West | 2228 | 50 | 2278 |
| Gist | 2068 | 208 | 2276 |
| Goodman | 609 | 3 | 612 |
| Hobby | 1377 | 7 | 1384 |
| Holliday | 2078 | 50 | 2128 |
| Hughes | 2462 | 522 | 2984 |
| Hutchins | 2066 | 210 | 2276 |
| Jester III | 891 | 240 | 1131 |
| Johnston | 609 | 3 | 612 |
| Jordan | 1001 | 7 | 1008 |
| Lewis | 1250 | 982 | 2232 |
| Lychner | 2070 | 206 | 2276 |
| Lynaugh | 1409 | 7 | 1416 |

43 - continued.

|  | No. Beds w/o AC | No. Beds w/ AC | Unit Capacity |
|---|---|---|---|
| McConnell | 2373 | 527 | 2900 |
| Michael | 2778 | 527 | 3305 |
| Middleton | 2078 | 50 | 2128 |
| Montford | 467 | 577 | 1044 |
| Moore, C. | 1217 | 7 | 1224 |
| Mountain View | 35 | 610 | 645 |
| Murray | 1052 | 289 | 1341 |
| Plane | 2083 | 208 | 2291 |
| Polunsky | 2463 | 521 | 2984 |
| Roach | 1644 | 7 | 1651 |
| Robertson | 2469 | 515 | 2984 |
| Sanchez | 1070 | 30 | 1100 |
| Sayle | 20 | 612 | 632 |
| Segovia | ? | ? | 1224 |
| Smith | 1394 | 840 | 2234 |
| Stevenson | 1377 | 7 | 1384 |
| Stiles | 2176 | 805 | 2981 |
| Telford | 2256 | 616 | 2872 |
| Torres | 1377 | 7 | 1384 |
| Wallace | 1441 | 7 | 1448 |
| Wheeler | 573 | 3 | 576 |
| Woodman | 875 | 25 | 900 |
| Young | 84 | 371 | 455 |
| TOTAL | 70,936 | 15,473 | 87,633 |

<SOURCE: TPCA Information Request and TDCJ website>

44. The 21 TDCJ units that have no air-conditioning at all are:

|  | Unit Capacity |  |
|---|---|---|
| Baten | ? | |
| Beto | 3471 | |
| Byrd | 1365 | |
| Clemens | 1536 | |
| Coffield | 4139 | |
| Ellis | 2482 | |
| Ferguson | 2421 | |
| Goree | 1321 | |
| Hightower | 1384 | |
| Hilltop | 553 | |
| Huntsville | 1705 | |
| Lopez | 1100 | |
| Luther | 1316 | |
| Darrington | 1931 | (Also known as Memorial Unit) |
| Powledge | 1137 | |
| Ramsey | 1891 | |
| Stringfellow | 1531 | |
| Terrell | 1603 | |
| Vance | 378 | |
| Wainwright | 2474 | (Also known a Eastham Unit) |
| Wynne | 2621 | |
| TOTAL | 36,359 | |

45. There are more beds in TDCJ without air-conditioning than the entire prison populations of Alabama, Arkansas, Georgia, and New Mexico combined. See, National Prisoner Statistics Program, Bureau of Justice Statistics (BJS), U.S. Dept. of Justice, 2019.

46. Plaintiffs assert that increasing annual temperatures and the increase of days over 100°F in Texas will continue to exacerbate the degradation of health for both incarcerated residents and TDCJ staff without the installation of universal air-conditioning/climate control.

47. TDCJ policy is designed to merely mitigate the effects of heat exposure rather than actually preventing the conditions that place its residents at serious risk to harm by extreme temperatures.

48. Without air-conditioning throughout all units, TDCJ policies primarily aim to mitigate the impact of extreme temperatures by providing drinking water, ice used to cool water temperature, additional cooled showers, fans, and cooled "respite" areas.

49. Despite these current heat mitigation policies, nearly every year, there are reports of TDCJ residents and staff falling extremely ill and/or dying from complications from extreme heat in Texas prisons. Upon belief and information, Plaintiffs assert that such instances are not adequately or correctly recorded and reported by Defendants to the Texas Legislature as required by Agency Rider 56, in the Fiscal year 2022-2023 General Appropriations Act, Monitoring of Temperature and Temperature-Related Deaths.

50. Based upon the facts stated below, Plaintiffs assert that current heat mitigation policies and practices do not result in adequate protection against heat-releated illness or death for TDCJ residents, yet alone prevent the conditions that cause such. In some instances, the mitigation actually aggravates the conditions caused by lack of air-conditioning.

## HEAT-RELATED ILLNESSES

51. Extreme heat makes it difficult for the human body to properly regulate its temperature thereby leading to illnesses including cramps, heat stroke, heat exhaustion and hyperthermia. See, National Integrated Heat Health Information System. 2022. "Extreme Heat"; CDC. 2017 "About Extreme Heat".

52. According to the CDC, "heat stroke is the most serious heat-related illness. It occurs when the body becomes unable to control its temperature: the body's temperature rises rapidly, the sweating mechanism fails, and the body is unable to cool down. When heat stroke occurs, the body temperature can rise to 106°F or higher within 10 to 15 minutes. Heat stroke can cause death or permanent disability if emergency treatment is not given". See, CDC, 2018. "Heat Related Illnesses" <http://www.cdc.gov/noish/topics/heatstress/heatrelilllness.html>.

53. According to TDCJ, "a person can begin to feel the effects of heat exhaustion in temperatures as low as 80 degrees" and that "risks for heat stroke begin at temperatures of 91 dregrees", while at 95 degrees "there can be an imminent danger of developing heat stroke". See, "TDCJ Risk Management's Training Cicular". Risk Management Issues. 14 (5): 1-4 <https://www.tdcj.texas.gov/documents/training_circular/Training_Circular_2014-05.pdf>

54. Research has also shown a relationship between hot temperatures and increased aggression by directly increasing feelings of hostility and indirectly increasing aggressive thoughts. This heat-created aggression could potentially lead to violence and even homicide within the prison environment, as well as the increased reporting of use of force incidents by TDCJ staff against residents.

55. Extreme heat and even access to daylight (two particularly relevant conditions in Texas prisons) have been shown to have a relationship to deaths by suicides. See, Horton, Michelle. 2018. "Stanford researchers find warming temperatures could increase suicide rate across the US and Mexico". Stanford News, 23rd July 2018 <https://news.stanford.edu/2018/07/23/warming-temperatures-linked-increased-suicide-rates/>.

56. According to an information request made by Texas Prisons Community Advocates (TPCA) to TDCJ, at least 1,391 residents within TDCJ were documented as having attempted suicide in 2019 and 35 residents died by suicide. In 2020, the number of residents who died by suicide increased to 50.

FANS

57. The primary heat mitigation measure within TDCJ is the use of electric fans in the absence of air-conditioning on TDCJ units.

58. A "Whirlwind" personal fan is available to residents through the unit commissary. As of this filing, a "Whirlwind" fan costs $20.00. A resident may purchase two "Whirlwind" fans for use in their cell.

59. Stationary industrial type fans are mounted in each dayroom of the unit.

60. Although fans are commonly used in enviornments without access to air-conditioning, there are compelling reasons NOT to use them when temperatures reach above 95°F. Numerous health organizations and studies have described the dangers of relying on electronic fans to mitigate the risk of heat related illness.

61. The U.S. Environmental Protection Agency (EPA) has reported that unless a fan is circulating cooled air from another source, fans can likely increase the circulation of hot air leading to increased sweat evaporation which can speed the onset of heat-attributable conditions such as heat exhaustion. See, EPA. 2016. "Excessive Heat Events Guidebook" <https://www.epa.gov/sites/default/files/2016-03/documents/eheguide_final.pdf>

62. The World Meteorological Organization (WMO) and the World Health Organization (WHO) has explained that : "Fans do not actually cool the air... when the weather is very hot and dry, using a fan alone when body core temperatures exceed 38°C [100.4°F] actually increases heat stress, because of the limits of conduction and convection. When the temperature is more than 35°C [95°F] and the relative humidity is 100 per cent, air movement can make an individual hotter. Thus, fans should be discouraged unless they are bringing in significantly cooler air" <https://www.who.int/globalchange/publications.WMO_WHO_Heat_Health_Guidance_2015.pdf>

63. The Centers for Disease Control and Prevention (CDC) recommend air-conditioning in contrast to relying on electric fans especially considering that air-conditioning reduces the risk of heat-related illness. The CDC explains that: "Electric fans may provide comfort, but when the temperature is in the high 90s, fans will not prevent heat-related illness... Airconditioning is the strongest protective factor against heat-related illness". See, CDC.2012. "Natural Disaster and Severe Weather: Extreme Heat" <https://www.cdc.gov/disasters/extremeheat/faq.html>.

64. During the expert testimony of Dr. McGeehin before this Court in <u>Cole, et al., v. Livingston, et al.,</u> 4:14-CV-1698, he indicated that while fans may have a mitigation effect, they are actually counterproductive at high temperatures: "Although fans provide a cooling effect by evaporating sweat, fan use can pose a significant risk when the heat index exceeds... 99 degrees Fahrenheit... because it serves to increase heat stress by blowing air that is warmer than body temperature over the skin surface". This Court found Dr. McGeehin's testimony to be credible. See, 2016 U.S. Dist. LEXIS 77435.

65. Electric fans are thus a counterproductive and dangerous heat mitigation measure when TDCJ residents are exposed to extreme temperatures. Yet the Whirlwind fans are the only heat mitigation available when residents are confined in their cell (which is an increasingly common occurence due to the historically low levels of staff in TDCJ units).

66. The general scientific and medical consensus is that even if fans are constantly accessible to all TDCJ residents, fans cannot prevent heat illness without the introduction of cooled air, and will actually increase the chance of heat illness by circulating hot air.

ACCESS TO WATER

67. Under conditions of excessive heat, TDCJ policy [AD-10.64] directs that TDCJ residents are to have access to water along with ice in the housing areas, recreation areas, and during meal times.

68. TDCJ distributes water communally in common areas (i.e. dayrooms) through the use of water coolers. These coolers are refilled intermittently and refills are dependant upon available staff. As such, the issue of crowded conditions and low levels of staffing have serious impacts on TDCJ residents access to water. This is because there are not enough filled water coolers to meet the actual demand of the large number of residents, and staff are preoccupied with other tasks and cannot refill the coolers as frequently as is required. Often coolers sit empty for hours.

69. For example, on the Robertson Unit the common section of a wing houses 48 residents. One 10 gallon water cooler is provided per section dayroom. If all 48 residents are to have access to at least 16oz of cool water every hour to sustain normal hydration when temperatures exceed 90°F, the cooler will need to be refilled ever single hour that the dayroom is open (about 18 hours). This scenario however does not take into account the water displacement created by adding blocks of ice to the cooler. This means that a 10 gallon cooler is unable to properly supply all 48 residents with 16oz of cool water every hour. This creates an extremely burdensome situation, and the reality of low staffing in TDCJ means that coolers simply are not available to residents as needed.

70. On the Robertson Unit, the water cooler is the only available drinking water outside the cell because the dayroom drinking fountains have been turned off because of "COVID Protocol" and have yet to be turned back on since the onset of the pandemic.

71. Unsafe water quality is a common and significant concern among TDCJ residents. Unsanitary conditions for water such as dirty coolers and ice machines (bacteria, debris, insects, vermin) and harmful contaminants in the water (feces, E. Coli, H. Pylori, arsenic, lead) expose residents to illness from communal water coolers that can exacerbate other health issues and justify mistrust in the safety of the drinking water and a subsequent hesitancy to drink the required amount of water to stay hydrated in extreme temperatures.

-15-

72. TDCJ residents have absolutely no access to cool water when confined to their cells. The only available water source is the water faucet connected to the toilet. This water is not regulated and is often at room temperature. TDCJ policy dictates that staff are to distribute cool water to each cell when the unit is on any kind of lockdown. However, due to short staffing issues and either complacent or overworked staff, this is rarely the case. Even if water is distributed to cells during a lockdown, it is infrequent and not sufficient to provide a resident with the necessary 16oz of cool water every hour to sustain normal hydration when temperatures exceed 90°F.

73. Access to cool water should be provided regardless of temperature, but without air-conditioning, lack of access becomes an issue of life and death.

RESPITE AREAS

74. "Respite areas" are any designated area with air-conditioning that a TDCJ resident may access if they are feeling ill or distress from excessive temperatures.

75. Between September 2019 - August 2020, there were 1,255 grievances filed by TDCJ residents describing issues related to respite areas. The most common complaints were relating to respite areas being unavailable, residents being denied access, or time in respite being cut short or limited against TDCJ policy.

76. The primary issue accessing respite areas comes from the inherent fact that TDCJ residents are not able to walk freely throughout units and therefore require an escort or security oversight in order to access the respite areas. This is viewed by staff as a significant hassle, and subsequently creates tension and outright hostility. This is increasingly the case because of the historically low levels of staff in TDCJ units and the innate challenges this creates.

77. TDCJ residents also report being denied access to respite unless the staff believed that they were experiencing heat-related illness or on the official list of those with medical heat restrictions.

-16-

78. During the expert testimony of Dr. Vassallo before this Court in Cole, et al., v. Livingston, et al., 4:14-CV-1698, she testified that the respite areas are not "an adequate plan to deal with the heat risk" precisely because they are only temporary and so "the time [the residents] are not in air-conditioning, they are subjected to the temperatures at the unit which are risky and cause harm, including sickness, morbidity and mortality". She also emphasized that the harmful effects of excessive heat can begin to occur BEFORE an individual might feel the need to go to an air-conditioned space. She explained that because residents must take the initiative to go to a respite area, they may not known they are in imminent danger until it is too late - and especially at night (when it can still exceed safe temperatures), staff are unlikely to notice either. This Court found Dr. Vassallo's testimony to be credible. See, 2016 U.S. Dist. LEXIS 77435.

COOLED SHOWERS

79. TDCJ heat-mitigation measures also allow for "additional cooled showers".

80. During the Cole testimony of Dr. McFeehin and Dr. Vassallo, this Court heard testimony that "taking extra showers" did not reduce the health risks of extreme heat to a "statistically significant" degree (Dr. Vassallo) and that while showers may be helpful "for the short term", "giving a person a shower and then putting them back into a very hot, humid environment has limited effect" (Dr. McGeehin).

HEAT EXPOSURE IN WORK AREAS

81. TDCJ residents do not have the personal right to refuse work even when the temperatures are excessive. According to TDCJ policy, residents "may be required to work in conditions of excessive heat or extreme cold when situations occur requiring specific work be completed regardless of the temperature or weather conditions" See, AD-10.64.

82. As such, TDCJ residents have no control over the frequency of water breaks when working in the heat. Such are under the dictates of TDCJ staff.

83. This does not apply only to work assignments that are outside but also to work environments that are inherently hot such as the kitchen and laundry where extreme heat is compounded by industrial ovens and driers.

84. Refusal to work in such environments is subject to disciplinary actions.

## MITIGATION MEASURES ARE INEFFECTUAL

85. No matter how many posters TDCJ places in housing areas reminding residents importance of heat precautions or the importance of water intake, it does nothing to prevent the CONDITIONS that cause exposure to extreme heat.

86. No matter how much water and ice is provided, it does nothing to prevent the CONDITIONS that cause exposure to extreme heat.

87. No matter how many additional showers are authorized, it does nothing to prevent the CONDITIONS that cause exposure to extreme heat.

88. No matter that residents are allowed to wear t-shirts and shorts in the dayroom or recreation areas, it does nothing to prevent the CONDITIONS that cause exposure to extreme heat.

89. No matter how well trained staff are in recognizing the effects of heat related illness or the issuance of "information cards", it does nothing to prevent the CONDITIONS that cause exposure to extreme heat.

90. No matter how many training videos are shown to residents and staff, it does nothing to prevent the CONDITIONS that cause exposure to extreme heat.

91. The above measures taken by TDCJ merely mitigate the results of exposure to extreme heat, but does absolutely nothing to prevent the actual CONDITIONS that cause such.

92. It is not just inadequate staffing, continual overcrowding, and crumbling infrastructure that creates these inhumane circumstances. It is that the heat mitigation policies of TDCJ (even after a decade of trial and error) cannot actually deliver sufficient or effectual protection from the conditions that cause exposure to extreme heat.

93. The only measure that can PREVENT the CONDITIONS is air-conditioning. Without some kind of regulated temperatures, the residents of TDCJ will continue to remain on the brink of potential health emergencies. This has the potential to kill them - but if it does not, it will significantly degrade their health and well-being over time.

## EVOLVING STANDARDS OF DECENCY

94. Although 95% of households in the South use air-conditioning, including 90% of households that make below $20,000 per year, only 30% of Texas prisons are fully air-conditioned. See, U.S. Energy Information Administration's 2015 Residential Energy Consumption Survey.

95. In comparison, county jails in Texas are statutorily required to keep their temperatures between 65 and 85°F.

96. According to Yale Climate Opinion Maps, the share of Texans who say climate change is currently harming people in the United States has risen from 50% in 2018 (slightly below the national average) to 60% in 2021 (just above the national average). This is before the reality of climate change became apparent in the summer of 2022.

97. Rule 13 of the 'United Nations Standard Minimum Rules for the Treatment of Prisoners' (The Mandela Rules) states that: "All accommodation provided for the use of prisoners and in particular all sleeping accommodation shall meet all requirements of health, due regard being paid to climate conditions and particularly to cubic content of air, minimum floor space, lighting, heat and ventilation".

98. Although this ratified treaty may hold no binding authority upon the states, it does show the consensus of society that extreme and unregulated climate conditions violates contemporary standards of decency. Despite Plaintiffs social status as incarcerated persons, the risk of which they are exposed by extreme heat conditions is not one that today's society chooses to tolerate. Air-conditioning in Texas prisons is not a matter of luxury - but of humane conditions.

## NO RELIEF FROM EXTREME HEAT AT NIGHT

99. There are various building styles for units within the Texas Department of Criminal Justice. However most are constructed of steel and concrete which has a relatively slow thermal response compared with the outdoor air. Therefore, the building mass temperature becomes increasingly hot as the day progresses and subsequently retains that heat throughout the majority of the night.

100. Although the outdoor temperature at night may fall below the building mass temperature and thus pulls some warm air from the building, it rarely has the opportunity to equalize with the outside air temperature before the sun rises and the building begins to heat once again without actually cooling off.

101. Residents are provided no relief to the extreme heat exposure because of the innate heat retention of the buildings in which they are housed. This creates another issue that constitutes a deprivation of one of lifes necessities by causing sleep deprivation.

## DELIBERATE INDIFFERENCE

102. Defendants have, with deliberate indifference, exposed all TDCJ residents to an ongoing condition that poses an unreasonable risk of serious damage to their present welfare and life, as well as their future health.

103. The danger posed by extreme heat conditions are so obvious that Defendants must either know about it or be purposefully disregarding it.

104. The extensive litigation surrounding extreme heat and the measures taken by Defendants to mitigate such, shows that Defendants fully understand the substantial risk to TDCJ residents health and safety posed by the conditions caused by extreme heat.

105. The grievances filed by Plaintiffs and other TDCJ residents is sufficient to put Defendants on notice of all issues in contention and to allow the Defendants an opportunity to investigate and correct those issues. In response to Plaintiffs' Step 2 grievances, TDCJ admits: "Staff as well as inmates are vulnerable to temperature extremes" (See, Attachment A).

EXHAUSTION OF ADMINISTRATIVE REMEDIES

106. On or about 30th January 2022, Plaintiffs Baker, Andrews, Cone, Martinez, Oliver, Batterton, Thomas, and Carter filed an I-127 (Step 1 grievance) grieving the policy or practice that does not require TDCJ to maintain all housing and work areas between 65°-85°F at its facilities. Plaintiffs asserted that this lack of climate control creates inhuamne conditions of confinement that violate the Eighth Amendment (See, Attachment A).

107. The 15th March 2022 response to the I-127 stated: "Investigation revealed TDCJ already has an excessive and extreme temperature conditions, policy in place. Refer to AD-10.64: Excessive and Extreme Temperature Conditions in TDCJ. All staff are trained on the policy and implement the policy during the hot and cold seasons. At this time, there is no need to change, adapt, or update the current policy in place. No action warranted."

108. Plaintiffs then filed a timely I-128 (Step 2 grievance) and explained that AD-10.64 states absolutely nothing about maintaining temperatures between 65°-85°F, and that everything mentioned in that directive is designed to merely MITIGATE THE EFFECTS of exposure and not PREVENT THE CONDITIONS that place TDCJ residents at serious risk to their health and lives by extreme temperatures.

-21-

109. On 24th May 2022, H.M. Pederson responded to the I-128 of Plaintiffs Andrews and Martinez and stated: "Your Step 2 grievance and complaint concerning your living conditions have been reviewed. Unit maintenance informed the temperature is set according to policy. Every staff member within the TDCJ is required to be knowledgeable of the information presented in Administrative Directive - 10.64 (AD-10.64), Excessive and Extreme Temperature Conditions in the TDCJ to assist in the prevention, recognition, and treatment of heat and/or cold related illnesses and/or injuries. Keep in mind, staff as well as inmates are vulnerable to temperature extremes and the TDCJ makes every effort to provide all with adequate and acceptable working and living conditions, however, units are limited to working with whatever means are avilable to them. Remember to contact security staff in your area for immediate assistance if you feel you are experiencing any symptoms that may indicate a temperature related illness or injury. No evidence of staff misconduct or policy violations found. No further action is warranted" (See, Attachment A)

110. On 22nd July 2022, J. Back responded to the I-128 of Plaintiffs Carter, Thomas, Oliver, Batterton, Cone, and Baker, and stated: "Your Step 2 grievance has been investigated by this office. You were appropriately advised at the Step 1 level. Furthermore, the agency remains committed to ensuring inmates are safe during temperature extremes. Policy will continue to be adhered to. If you are having a medical issue related to temperature, contact Health Services. If you are having a temperature related concern at your unit of assignment, notify a security supervisor. Assistance will be provided. Based on the information available at this time, no further action is warranted." (See, Attachment A)

111. Plaintiffs Andrews and Martinez did not receive their I-128 response until after 8th August 2022. Plaintiffs Carter, Thomas, Oliver, Batterton, Cone, and Baker did not recieve their response until after 30th August 2022 - contrary to the requirements of 28 C.F.R. 40.7(e) ["In all instances grievances must be processed from initiation to final deposition within 180 days, inclusive of any extensions"].

112. On or about 9th May 2022, Plaintiffs Kerns, Elmore, and Andrews (along
     with over 60 other residents on the Robertson Unit) filed a I-127 stating
     that on 8th May 2022 (Mothers Day) at 12-noon, the Robertson Unit was
     placed on lockdown due to short staff, and residents were confined to
     their cells. On this day the heat index temperature exceeded 106°F.
     The I-127 claimed that TDCJ showed deliberate indifference towards their
     safety by confining residents to their cells during the hottest part
     of the day. Residents were not provided cold water, showers, or access
     to respite areas. The I-127 also states that "this is a common practice
     of TDCJ" (See, Attachment B).

113. On 10th June 2022, Warden J. Cozby responded to the I-127 stating:
     "Inmates were given the opportunity to come out of their cells for cold
     showers. Inmates were observed using the regular showers and cold showers
     while others were in the dayroom. Respite areas are available upon request.
     There was no evidence found to support your allegation that staff failed
     to provide you with cold water, cold showers, or respite areas. No further
     action warranted".

114. Plaintiffs Kerns, Elmore, and Andrews filed a timely I-128 pointing
     out that: "Logic dictates that the 'heat mitigation' that the response
     states we received is logistically impossible when the unit is so short
     staffed / over crowded that it must be placed on lockdown. TDCJ's short
     staff / over crowding issues are compounding the dangers of excessive
     heat conditions". The I-128 also gave notice "to retain all camera footage
     from 5-8-22 for further litigation" (To wit, this litigation).

115. On or about 2nd August 2022, J. Back responded to this I-128 and stated:
     "You were appropriately advised at the Step 1 level". This grievance
     was not returned until after 24th September 2022.

V.
LEGAL CLAIMS

116. Plaintiffs are residents on the French M. Robertson Unit, operated by the Texas Department of Criminal Justice (TDCJ), and bring this lawsuit on behalf of themselves, and all others similarly situation, and challenge TDCJ's policies and practices of exposing TDCJ residents to extreme heat conditions in their housing and work areas.

117. Excessive heat constitutes a condition that poses a substantial risk of serious harm to the health of all human beings - irrespective of their status in society.

118. Plaintiffs assert that there is copious evidence of the effects that such high temperatures have on the well-being of both healthy individuals and individuals with heat sensitivity.

119. Plaintiffs call into serious question the adequacy of TDCJ's mitigation measures - as applied in practice - in preventing the conditions that cause exposure to extreme heat. The failure of these heat mitigation policies are not isolated, but systemic.

120. Plaintiffs contend that, without climate control, Defendants are failing to protect their residents from the harmful and potentially fatal effects of prolonged exposure to high temperatures.

121. All residents who currently are, or in the future will be, incarcerated at any of the 70 units of TDCJ that are not fully air-conditioned, and thus subjected to TDCJ's policy and practice of failing to regulate high indoor heat index temperatures in the housing and work areas, are exposed to conditions that are cruel and unusual in violation of the Eighth Amendment to the United States Constitution.

122. The extreme conditions constitute wanton and unnecessary infliction of pain and suffering.

123. Society considers the challenged conditions of extreme heat to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such - even incarcerated persons.

124. Defendants have, with deliberate indifference, exposed all TDCJ residents housed at the 70 units that are not fully air-conditioned, to conditions that pose an unreasonable risk of serious damage to their future health. Defendants are aware of facts from which the inference could be drawn that a substantial risk of serious harm exists. Defendants actions show they have drawn that inference but have failed to respond reasonably by preventing the conditions and installing air-conditioning in all 70 units.

125. Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiffs have been and will continue to be irreparably injured by the conduct of the Defendants unless this Court grants declaratory and injunctive relief which Plaintiffs seek.

VI.
PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment:

126. Certify this matter as a CLASS ACTION representing all TDCJ residents confined within the 70 TDCJ units that are not fully air-conditioned pursuant to Rule 23(a) and (b)(1)(B) or (b)(2) of the Federal Rules of Civil Procedure.

127. Granting Plaintiffs a DECLARATION that the acts and omissions described herein violate their rights under the Constitution and laws of the United States.

128. Remedy ongoing violation of the law and the Constitution by granting INJUNCTIVE relief on behalf of the Plaintiffs, and the class, and to permanently enjoin Defendants, their agents, employees, successors in office and assigns, to abate the risk of serious harm described above by taking steps including, but not limited to, maintaining a heat index between 65°-85°F inside all TDCJ unit's housing and work areas at all times by installing climate control.

129. Direct Defendants to develop and submit to this Court a plan that will insure that Plaintiffs, and the class, are not subjected to conditions of extreme heat - To wit, temperatures over 85°F.

130. Retain jurisdiction over this matter until implementation of this Court's decree has been completed.

131. Issue a RESTRAINING ORDER prohibiting Defendants, or their agents or employees, from any form of retaliation, including the transfering of named Plaintiffs to any other unit (air-conditioned or not) during the course of this action without just cause and prior notice to this Court.

132. Award Plaintiffs' reasonable attorneys' fees and costs of this action pursuant to 42 U.S.C §1988.

133. Plaintiffs seek a jury trial on all issues triable by jury.

134. Award such other and further relief as this Court may deem necessary.

<NLG-PC [SAJZ]>

Respectfully Submitted,


Matthew Baker #2227525
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601


Robert Andrews #2214727
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601


Timothy Cone #1688760
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601


Allen Kerns #2303607
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601


James Elmore #2273850
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601


Adam Thomas #2254371
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601


William Oliver #2290434
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601


Seth Batterton #2154923
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601


Dannie Carter #2013581
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601


Juan Martinez #2017980
Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601


26th October 2022

VERIFICATION

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Abilene, Texas on 26th October 2022

Matthew Baker

Timothy Cone

James Elmore

William Oliver

Dannie Carter

Robert Andrews

Allen Kerns

Adam Thomas

Seth Batterton

Juan Martinez

ATTACHMENT
**A**

# Texas Department of Criminal Justice

## STEP 1   OFFENDER GRIEVANCE FORM

Baker, Matthew

Offender Name: __Matthew Baker__   TDCJ # __02227525__

Unit: __RB__   Housing Assignment: __4E-72-T__

Unit where incident occurred: __RB/TDCJ wide__

**OFFICE USE ONLY**

Grievance #: __2022061301__

Date Received: __FEB 08 2022__

Date Due: __03.20.22__

Grievance Code: __506-598__

Investigator ID #: __2553__

Extension Date: __N/A__

Date Retd to Offender: __MAR 24 2022__

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? __Letter to Bobby Lumpkin (Truckmail)__   When? __1-18-22__

What was their response? __No Response__

What action was taken? __None__

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I file this grievance on the policy or practice that does not require TDCJ to maintain all housing & working areas between 65°-85°F at its facilities. This lack of climate control (hot & cold) creates inhumane conditions of confinement that violate the 8th Amendment.

Texas is known to experience hot & cold temperatures. Yet despite the dangers that inherently accompany extreme temperatures, TDCJ has done nothing meaningful to ensure humane conditions. This is especially so when prisoners are forced to endure either extreme heat or cold in their cells during rack-up or lockdowns - be it annual shakedown or because of COVID or staff shortages. Things such as cold water, cold shower, respite areas etc. merely mitigate the effects of exposure not prevent the conditions that place prisoners at serious risk to their health & lives. This mitigation is absolutely meaningless when a prisoner is confined to their cell. Fans (no matter the number) simply blow hot air around and do little if anything to actually cool down the cell to humane temperatures. Mitigation effects by TDCJ substantiates that the agency understands the issue of extreme temperatures and the risk it poses to its prisoners. Failure to meaningfully address that issue by ensuring that temperatures in all housing and working areas are kept between 65°-85°F amounts to deliberate indifference.

---

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

**Action Requested to resolve your Complaint.** For all housing and working areas to be maintained between 85° – 85°F at all times.

**Offender Signature:** Maet Baker     **Date:** 1-30-22

**Grievance Response:**

Your complaint has been investigated and reviewed. Investigation revealed TDCJ already has an excessive and extreme temperature conditions, policy in place. Refer to AD-10.64: Excessive and Extreme Temperature Conditions in the TDCJ. All staff are trained on the policy and implement the policy during the hot and cold seasons. At this time, there is no need to change, adapt, or update the current policy in place. No action warranted.

**Signature Authority:** _Nacilf Breeden_  AW Breeder     **D** MAR 1 5 2022

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

☐ 1.  Grievable time period has expired.
☒ 2.  Submission in excess of 1 every 7 days. *
☐ 3.  Originals not submitted. *
☐ 4.  Inappropriate/Excessive attachments. *
☐ 5.  No documented attempt at informal resolution. *
☐ 6.  No requested relief is stated. *
☐ 7.  Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8.  The issue presented is not grievable.
☐ 9.  Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** C Reyes / C Reyes

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

OFFICE USE ONLY

Initial Submission     UGI Initials: CR
Grievance #: 2022058395
Screening Criteria Used: # 2-599-598
Date Rec'd from Offender: JAN 31 2022
Date Returned to Offender: JAN 31 2022

2nd Submission     UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Rec'd from Offender: _____
Date Returned to Offender: _____

3rd Submission     UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Rec'd from Offender: _____
Date Returned to Offender: _____

Appendix F

2022061301

AUG 3 0 2022

**Texas Department of Criminal Justice**

# STEP 2          OFFENDER
                         GRIEVANCE

Offender Name: Matthew Baker          TDCJ # 2227525

Unit: RB          Housing Assignment: 4E-72-T

Unit where incident occurred: RB          4D-5T

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: 2022061301 | |
| UGI Recd Date: APR 04 2022 | |
| HQ Recd Date: APR 08 2022 | |
| Date Due: 05·14·22 | |
| Grievance Code: 506-598 | |
| Investigator ID#: I1364 | |
| Extension Date: JUN 23 2022 | |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).   *I am dissatisfied with the response at Step 1 because...*

I reassert by reference all facts, claims, and arguments presented at step one

This grievance was on "the policy or practice that does not require TDCJ to maintain all housing and working areas between 65-85°F at its facilities". AD-10.64 states absolutely nothing about maintaining temperatures between 65-85°F. Everything mentioned in that directive is designed to merely mitigate the effects of exposure and not to prevent the conditions that place prisoners at serious risk to their health and lives by extreme temperatures.

I have now exhausted all administrative remedies as required by the PLRA to bring suit.

I-128 Front (Revised 11-2010)          **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**          (OVER)

Appendix G

**Offender Signature:** _Matt Baker_                          **Date:** _1st April 2022_

**Grievance Response:**

Your Step 2 grievance has been investigated by this office. You were appropriately advised at the Step 1 level. Furthermore, the agency remains committed to ensuring inmates are safe during temperature extremes. Policy will continue to be adhered to. If you are having a medical issue related to temperature, contact Health Services. If you are having a temperature related concern at your unit of assignment, notify a security supervisor. Assistance will be provided. Based on the information available at this time, no further action is warranted.

**Signature Authority:** _1 Back_                          **Date:** _JUL 2 2 2022_

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible.***

☐ 3. **Originals not submitted. ***

☐ 4. **Inappropriate/Excessive attachments.***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**

☐ 6. **Inappropriate.***

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: | |
| Date CGO Rec'd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: | |
| Date CGO Rec'd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: | |
| Date CGO Rec'd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

I-128 Back (Revised 11-2010)                          **Appendix G**

**Texas Department of Criminal Justice**

## STEP 1    OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2022058404

Date Received: JAN 3 1 2022

Date Due: 03-12-22

Grievance Code: 506-598

Investigator ID #: 2553

Extension Date: 04-21-22

Date Retd to Offender: MAR 2 4 2022

Offender Name: Andrews, Robert    TDCJ # 02214727

Unit: R.B.    Housing Assignment: 4E-208

Unit where incident occurred: R.B / TDCJ wide

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Letter to Bobby Lumpkin (Truckmail)_ When? _Jan 18 2022_

What was their response? _No Response_

What action was taken? _None_

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I file this grievance on the policy or practice that doesn't require TDCJ to maintain all housing & working areas between 65°- 85°F at its facilities. This lack of climate control (hot & cold) creates inhumane conditions of confinement that violate the 8th Amendment.

Texas is known to experience hot & cold temperatures. Yet despite the dangers that inherently accompany extreme temperatures. TDCJ has done nothing meaningful to ensure humane conditions. This is especially so when prisoners are forced to endure either heat or cold in their cells during rack-up or lock downs; be it annual shakedown or because of COVID or staff shortages. Things such as cold water, cold showers, respite areas etc. merely mitigate the effects of exposure not prevent the conditions that place prisoners at serious risk to their health & lives. This mitigation is absolutely meaningless when a prisoner is confined to their cells. Fans (no matter the number) simply blow hot air around & do little, if anything, to actually cool down the cell to humane temperatures. Mitigation efforts by TDCJ substantiates that the agency understands the issue of extreme temperatures & the risk it poses to its prisoners. Failure to meaningfully address that issue by ensuring that temperatures in all housing & working areas are kept between 65°- 85°F amounts to deliberate indifference.

---

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

**Action Requested to resolve your Complaint.** For all housing and working areas to be maintained between 65°-85°F at all times

**Offender Signature:** _(signature)_                                   **Date:** Jan 30 2022

**Grievance Response:**

Your complaint has been investigated and reviewed. Investigation revealed TDCJ already has an excessive and extreme temperature conditions policy in place. Refer to AD-10.64: Excessive and Extreme Temperature Conditions in the TDCJ. All staff are trained on the policy and implement the policy during the hot and cold seasons. At this time, there is no need to change, adapt, or update the current policy in place. No action warranted.

MAR 1 5 2022

**Signature Authority** _(signature)_ Breeden    AW Breeden                **Date:**

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *****Resubmit this form when the corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance # _____
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.**

**Medical Signature Authority:**

**OFFICE USE ONLY**

Initial Submission          UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**2nd Submission**          UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Returned to Offender: _____

**3rd Submission**          UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)                                   **Appendix F**

2022058404

AUG 0 8 2022



## Texas Department of Criminal Justice

# STEP 2

### OFFENDER GRIEVANCE

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2022058404 |
| UGI Recd Date: | MAR 2 9 2022 |
| HQ Recd Date: | APR 1 1 2022 |
| Date Due: | 5.8.22 |
| Grievance Code: | 506-598 |
| Investigator ID#: | I2823 |
| Extension Date: | JUN 1 7 2022 |

**Offender Name:** Andrews, Robert    **TDCJ #** 2214727

**Unit:** Robertson Unit    **Housing Assignment:** 4-E-20B

**Unit where incident occurred:** Robertson Unit / TDCJ-wide

*You must attach the completed Step 1 Grievance that ~~has been~~ signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that ~~has~~ been returned unprocessed.*

**Give reason for appeal (Be Specific).** — *I am dissatisfied with the response at Step 1 because...*

I reassert by reference all facts, claims, and arguments presented at Step One.

This grievance was on "the policy or practice that does not require TDCJ to maintain all housing and working areas between 65-85°F at its facilities."
AD-10.64 states absolutely nothing about maintaining temperatures between 65-85°F. Everything mentioned in that directive is designed to merely mitigate the effects of exposure and not to prevent the conditions that place prisoners at serious risk to their health and lives by extreme temperatures.

I have now exhausted all administrative remedies as required by the PLRA to bring suit.

---

**I-128 Front** (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

**Offender Signature:** _____     **Date:** _27th March 2022_

**Grievance Response:**

Your Step 2 grievance and complaint concerning your living conditions have been reviewed. Unit maintenance informed the temperature is set according to policy. Every staff member within the TDCJ is required to be knowledgeable of the information presented in Administrative Directive-10.64 (AD-10.64), Excessive and Extreme Temperature Conditions in the TDCJ to assist in the prevention, recognition, and treatment of heat and/or cold related illnesses and/or injuries. Keep in mind, staff as well as inmates are vulnerable to temperature extremes and the TDCJ makes every effort to provide all with adequate and acceptable working and living conditions, however, units are limited to working with whatever means are available to them. Remember to contact security staff in your area for immediate assistance if you feel you are experiencing any symptoms that may indicate a temperature related illness or injury. No evidence of staff misconduct or policy violations found. No further action is warranted.

H. W. Pederson   MAY 2 4 2022

**Signature Authority:** _____     **Date:** _____

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible.***

☐ 3. **Originals not submitted. ***

☐ 4. **Inappropriate/Excessive attachments.***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**

☐ 6. **Inappropriate.***

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) _____ Screened _____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**2nd Submission** _____ CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) _____ Screened _____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission**          CGO Initials: _____

Date CGO Recd: _____

(check one) _____ Screened _____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)          **Appendix G**

**Texas Department of Criminal Justice**

# STEP 1    OFFENDER GRIEVANCE FORM

Cone, Timothy

Offender Name: Timothy Cone          TDCJ # 1688760

Unit: Robertson          Housing Assignment: 4-F-33T

Unit where incident occurred: Robertson/TDCJ wide

**OFFICE USE ONLY**

Grievance #: 2022058401

Date Received: JAN 31 2022

Date Due: 03-12-22

Grievance Code: 506-598

Investigator ID #: 2553

Extension Date: 04-21-22

Date Retd to Offender: MAR 24 2022

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Letter to Bobby Lumpkin (Truckmail)     When? 1-18-2022

What was their response? No Response

What action was taken? None.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I file this grievance on the policy or practice that does not require TDCJ to maintain all housing & working areas between 65°-85°F at its facilities. This lack of climate control (hot & cold) creates inhumane conditions of confinement that violate the 8th Amendment.

Texas is known to experience hot and cold temperatures. Yet despite the dangers that inharently accompany extreme temperatures, TDCJ has done nothing meaningful to ensure humane conditions. This is especially so when prisoners are forced to endure either extreme heat or cold in their cells during rack-up or lockdowns - be it annual shakedown or because of Covid or staff shortages. Things such as cold water, cold showers, respite area etc merely mitigate the effects of exposure not prevent the conditions that place prisoners at serious risk to their health & lives. This mitigation is absolutely meaningless when a prisoner is confined to their cells. Fans (no matter the number) simply blow hot air around and do little, if anything, to actually cool down the cell to humane temperatures. Mitigation effects by TDCJ substantiates that the agency understands the issue of extreme temperature and the risk to its prisoners. Failure to meaningfully address that issue by ensuring that temperatures in all housing and working areas are kept between 65°-85°F amounts to deliberate indifference.

I-127 Front (Revised 11-2010)          **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**          (OVER)

Appendix F

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Action Requested to resolve your Complaint.** For all housing and working areas to be maintained between 65°-85°F at all times.

**Offender Signature:** _Timothy Cone_                    **Date:** 1-30-22

**Grievance Response:**

Your complaint has been investigated and reviewed. Investigation revealed TDCJ  already has an excessive and extreme temperature conditions, policy in place. Refer to AD-10.64: Excessive and Extreme Temperature Conditions in the TDCJ. All staff are trained on the policy and implement the policy during the hot and cold  seasons. At this time, there is no need to change, adapt, or update the current policy in place. No action warranted.

**Signature Authority:** _Aaleigh Breeden_ AW Breeden          **Date:** MAR 1 5 2022

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**   *Resubmit this form when the corrections are made.

- [ ] 1.  Grievable time period has expired.
- [ ] 2.  Submission in excess of 1 every 7 days.  *
- [ ] 3.  Originals not submitted.  *
- [ ] 4.  Inappropriate/Excessive attachments.  *
- [ ] 5.  No documented attempt at informal resolution.  *
- [ ] 6.  No requested relief is stated.  *
- [ ] 7.  Malicious use of vulgar, indecent, or physically threatening language.  *
- [ ] 8.  The issue presented is not grievable.
- [ ] 9.  Redundant, Refer to grievance # _____
- [ ] 10. Illegible/Incomprehensible.  *
- [ ] 11. Inappropriate.  *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

<table>
<tr><td colspan="2">**OFFICE USE ONLY**</td></tr>
<tr><td>Initial Submission</td><td>UGI Initials: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>2nd Submission</td><td>UGI Initials: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>3rd Submission</td><td>UGI Initials: _____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

Appendix F



AUG 30 2022

2022058401

**Texas Department of Criminal Justice**

# STEP 2

### OFFENDER GRIEVANCE

Offender Name: Cone, Timothy    TDCJ # 1688760

Unit: Robertson Unit    Housing Assignment: 4-F-33T

Unit where incident occurred: Robertson Unit / TDCJ-wide

| OFFICE USE ONLY | |
|---|---|
| Grievance #: 2022058401 | |
| UGI Recd Date: APR 04 2022 | |
| HQ Recd Date: APR 08 2022 | |
| Date Due: 05·14·22 | |
| Grievance Code: 506-598 | |
| Investigator ID#: I1364 | |
| Extension Date: JUN 23 2022 | |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).    *I am dissatisfied with the response at Step 1 because...*

I reassert by reference all facts, claims, and arguments presented at Step one.

This grievance was on "the policy or practice that does not require TDCJ to maintain all housing and working areas between 65-85°F at its facilities" AD-10.64 states absolutely nothing about maintaining temperatures between 65-85°F. Everything mentioned in that directive is designed to merely mitigate the effects of exposure and not to prevent the conditions that place prisoners at serious risk to their health and lives by extreme temperatures.

I have now exhausted all administrative remedies as required by the PLRA to bring suit.

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

**Offender Signature:** _Timothy Cone_  **Date:** 1st April 2022

**Grievance Response:**

Your Step 2 grievance has been investigated by this office.  You were appropriately advised at the Step 1 level.  Furthermore, the agency remains committed to ensuring inmates are safe during temperature extremes.  Policy will continue to be adhered to.  If you are having a medical issue related to temperature, contact Health Services.  If you are having a temperature related concern at your unit of assignment, notify a security supervisor.  Assistance will be provided.  Based on the information available at this time, no further action is warranted.

**Signature Authority:** _J Back    Back_  **Date:** JUL 2 2 2022

**Returned because:** *Resubmit this form when corrections are made.*

- ☐ 1. Grievable time period has expired.
- ☐ 2. Illegible/Incomprehensible.*
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments.*
- ☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
- ☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**I-128 Back** (Revised 11-2010)

**OFFICE USE ONLY**

**Initial Submission**          CGO Initials: _____
Date UGI Recd:_____
Date CGO Recd:_____
(check one) ____Screened ____Improperly Submitted
Comments: _____
Date Returned to Offender:_____

**2nd Submission**          CGO Initials: _____
Date UGI Recd:_____
Date CGO Recd:_____
(check one) ____Screened ____Improperly Submitted
Comments: _____
Date Returned to Offender:_____

**3rd Submission**          CGO Initials: _____
Date UGI Recd:_____
Date CGO Recd:_____
(check one) ____Screened ____Improperly Submitted
Comments: _____
Date Returned to Offender:_____

**Appendix G**



**Texas Department of Criminal Justice**

# STEP 1

### OFFENDER GRIEVANCE FORM

Thomas, Adam

Offender Name: Adam Thomas     TDCJ # 2254 371

Unit: RB     Housing Assignment: 4-F-8B

Unit where incident occurred: RB / TDCJ wide

**OFFICE USE ONLY**

Grievance #: 2022058411

Date Received: JAN 31 2022

Date Due: 03-12-22

Grievance Code: 506-598

Investigator ID #: 2653

Extension Date: 04-21-22

Date Retd to Offender: MAR 24 2022

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Letter to Bobby Lumpkin (Truckmail)    When? Jan 18 2022

What was their response? No Response

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I file this grievance on the policy or practice that does not require TDCJ to maintain all housing and working areas between 65°-85°F at its facilities. This lack of climate control (hot & cold) creates inhumane conditions of confinement that violate the 8th Amendment.

Texas is known to experience hot & cold temperatures. Yet despite the dangers that inherently accompany extreme temperatures, TDCJ has done nothing meaniful to ensure humane conditions. This is especially so when prisoners are forced to endure either heat or cold in their cells during rack-up or lockdowns - be it annual shakedown or because of Covid or staff shortages. Things such as cold water cold showers, respite areas etc. merely mitigate the effects of exposure not prevent the conditions that place prisoners at serious risk to their health and lives. This mitigation is absolutely meaningless when a prisoner is confined to their cells. Fans (no matter the number) simply blow hot air around and do little, if anything, to actually cool down the cell to humane temperatures. Mitigation efforts by TDCJ substantiates that the agency understands the issue of extreme temperatures and the risk it poses to its prisoners. Failure to meaningfully address that issue by ensuring that temperatures in all housing and working areas are kept between 65°-85°F amounts to deliberate indifference.

---

I-127 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix F

**Action Requested to resolve your Complaint.** For all housing & working areas to be maintained between 65° - 85° at all times.

**Offender Signature:** _Cullen Harris_                    **Date:** Jan 30 2022

**Grievance Response:**

Your complaint has been investigated and reviewed. Investigation revealed TDCJ already has an excessive and extreme temperature conditions, policy in place. Refer to AD-10.64: Excessive and Extreme Temperature Conditions in the TDCJ. All staff are trained on the policy and implement the policy during the hot and cold seasons. At this time, there is no need to change, adapt, or update the current policy in place. No action warranted.

**Signature Authority:** _Raleigh Breeden_   AW Breeder          **Date:** MAR 1 5 2022

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission                UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

2nd Submission                UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

3rd Submission                UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F

AUG 3 0 2022

2022058411



## Texas Department of Criminal Justice
# STEP 2      OFFENDER GRIEVANCE

OFFICE USE ONLY

Grievance #: 2022058411

UGI Recd Date: APR 0 1 2022

HQ Recd Date: APR 0 7 2022

Date Due: 05·11·22

Grievance Code: 506-598

Investigator ID#: I2855

Extension Date: JUN 2 0 2022

Offender Name: Thomas, Adam        TDCJ # 2254371

Unit: Robertson Unit    Housing Assignment: 12b-73₄-F-8B

Unit where incident occurred: Robertson Unit / TDCJ-wide

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

I reassert by reference all facts, claims and arguments presented at Step One.

This grievance was on "the policy or practice that does not require TDCJ to maintain all housing and working areas between 65-85°F at its facilities". AD-10.64 states absolutely nothing about maintaining temperatures between 65-85°F. Everything mentioned in that directive is designed to merely mitigate the effects of exposure and not to prevent the conditions that place prisoners at serious risk to their health and lives by extreme temperatures.

I have now exhausted all administrative remedies as required by the PLRA to bring suit.

---

I-128 Front (Revised 11-2010)        **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**        (OVER)

Appendix G

**Offender Signature:** _Edoth W Null_                          **Date:** 30th March 2022

**Grievance Response:**

An investigation has been conducted into your complaint. The answer received on your Step-1 was appropriate, please refer the unit's original response. Furthermore, unit staff is ensuring all standards are being met and remain incompliance with the Administrative Directive 10.64, governing temperature conditions in TDCJ. No further action is required by this office.

_H. M. Pederson_

JUL 27 2022

**Signature Authority:** _____          **Date:** _____

| Returned because: *Resubmit this form when corrections are made.* | OFFICE USE ONLY |
|---|---|
| | Initial Submission          CGO Initials: _____ |
| ☐ 1. **Grievable time period has expired.** | Date UGI Recd: _____ |
| ☐ 2. **Illegible/Incomprehensible.*** | Date CGO Recd: _____ |
| ☐ 3. **Originals not submitted. *** | (check one) ____ Screened ____ Improperly Submitted |
| ☐ 4. **Inappropriate/Excessive attachments.*** | Comments: _____ |
| ☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.** | Date Returned to Offender: _____ |
| ☐ 6. **Inappropriate.*** | 2nd Submission          CGO Initials: _____ |
| | Date UGI Recd: _____ |
| | Date CGO Recd: _____ |
| | (check one) ____ Screened ____ Improperly Submitted |
| | Comments: _____ |
| **CGO Staff Signature:** _____ | Date Returned to Offender: _____ |
| | 3rd Submission          CGO Initials: _____ |
| | Date UGI Recd: _____ |
| | Date CGO Recd: _____ |
| | (check one) ____ Screened ____ Improperly Submitted |
| | Comments: _____ |
| | Date Returned to Offender: _____ |

**I-128 Back** (Revised 11-2010)                                        **Appendix G**

# Texas Department of Criminal Justice

## STEP 1   OFFENDER GRIEVANCE FORM

4D-518

Offender Name: Oliver William   TDCJ # 2290434

Unit: RB   Housing Assignment: ~~4E~~ DET

Unit where incident occurred: RB / TDCJ Wide

**OFFICE USE ONLY**

Grievance #: 2022058380

Date Received: JAN 31 2022

Date Due: 03·12·22

Grievance Code: 506·598

Investigator ID #: 2553

Extension Date: 04·21·22

Date Retd to Offender: MAR 24 2022

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Letter to Bobby Lumpkin (Truckmail) When? Jan 18 2022

What was their response? No Response

What action was taken? None

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I file this grievance on the policy or practice that doesn't require TDCJ to maintain all housing & working areas between 65°-85°F at it facilities. This lack of climate control (hot & cold) creates inhumane conditions of confinement that violate the 8th Amendment.

Texas is known to experience hot & cold temperatures. Yet despite the dangers that inherently accompany extreme temperatures, TDCJ has done nothing meaningful to ensure humane conditions. This is especially so when prisoners are forced to endure either heat or cold in their cells during rack-up or lockdowns - be it annual shakedown or because of COVID or staff shortages. Things such as cold water, cold showers, respite areas etc. merely mitigate the effects of exposure not prevent the conditions that place prisoners at serious risk to their health & lives. This mitigation is absolutely meaningless when a prisoner is confined to their cells. Fans (no matter the number) simply blow hot air around & do little, if anything, to actually cool down the cell to humane temperatures. Mitigation efforts by TDCJ substantiates that the agency understands the issue of extreme temperatures & the risk it poses to its prisoners. Failure to meaningfully address that issue by ensuring the temperatures in all housing & working areas are kept between 65°-85°F amounts to deliberate indifference.

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

**Action Requested to resolve your Complaint.** For all housing & working areas to be maintained between 65° – 85°F at all times.

**Offender Signature:** _____  **Date:** Jan 30 2022

**Grievance Response:**

Your complaint has been investigated and reviewed. Investigation revealed TDCJ already has an excessive and extreme temperature conditions, policy in place. Refer to AD-10.64: Excessive and Extreme Temperature Conditions in the TDCJ. All staff are trained on the policy and implement the policy during the hot and cold seasons. At this time, there is no need to change, adapt, or update the current policy in place. No action warranted.

**Signature Authority:** _____ AW Breeden   **Date:** MAR 1 5 2022

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission _____ UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission _____ UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission _____ UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F

AUG 30 2022     AUG 30 2022

2022058380

**Texas Department of Criminal Justice**

# STEP 2     OFFENDER GRIEVANCE

**OFFICE USE ONLY**

Grievance #: 2022058380

UGI Recd Date: APR 04 2022

HQ Recd Date: APR 08 2022

Date Due: 05.14.22

Grievance Code: 506.598

Investigator ID#: 11364

Extension Date: JUN 23 2022

Offender Name: Oliver, William     TDCJ # 2290434

Unit: Robertson Unit   Housing Assignment: 4-B-17 D-51B

Unit where incident occurred: Robertson Unit / TDCJ-wide

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).   *I am dissatisfied with the response at Step 1 because:*

I reassert by reference all facts, claims and arguments presented at Step One.

This grievance was on "the policy or practice that does not require TDCJ to maintain all housing and working areas between 65°-85°F at its facilities". AD-10.64 states absolutely nothing about maintaining temperatures between 65-85°F. Everything mentioned in that directive is designed to merely mitigate the effects of exposure and not to prevent the conditions that place prisoners at serious risk to their health and lives by extreme temperatures.

I have now exhausted all administrative remedies as required by the PLRA to bring suit.

I-128 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix G

**Offender Signature:** _UT-OR_   **Date:** 1st April 2022

**Grievance Response:**

Your Step 2 grievance has been investigated by this office. You were appropriately advised at the Step 1 level. Furthermore, the agency remains committed to ensuring inmates are safe during temperature extremes. Policy will continue to be adhered to. If you are having a medical issue related to temperature, contact Health Services. If you are having a temperature related concern at your unit of assignment, notify a security supervisor. Assistance will be provided. Based on the information available at this time, no further action is warranted.

**Signature Authority:** J. Back   **Date:** JUL 2 2 2022

**Returned because:** *Resubmit this form when corrections are made.*

- [ ] 1. **Grievable time period has expired.**
- [ ] 2. **Illegible/Incomprehensible.***
- [ ] 3. **Originals not submitted. ***
- [ ] 4. **Inappropriate/Excessive attachments.***
- [ ] 5. **Malicious use of vulgar, indecent, or physically threatening language.**
- [ ] 6. **Inappropriate.***

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: | |
| Date CGO Rec'd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: | |
| Date CGO Rec'd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: | |
| Date CGO Rec'd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

**Appendix G**

**I-128 Back (Revised 11-2010)**

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2022058385

Date Received: JAN 31 2022

Date Due: 03-12-22

Grievance Code: 506-598

Investigator ID #: 2553

Extension Date: 04-21-22

Date Retd to Offender: MAR 2 4 2022

Offender Name: Battectan, Seth    TDCJ # 02154923

Unit: RB    Housing Assignment: 4E 67 T

Unit where incident occurred: RB/TDCJ wide

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Letter to Bobby Lumpkin (Truck mail) When? 1-18-2022

What was their response? No response

What action was taken? None

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I file this grievance on the policy or practice that does not require TDCJ to maintain all housing and working areas between 65°-85°F at its facilities. This lack of climate control (hot & cold) creates inhumane conditions of confinement that violate the 8th Amendment.

Texas is known to experience hot and cold temperatures. Yet despite the dangers that inherently accompany extreme temperatures, TDCJ has done nothing meaningful to ensure humane conditions. This is especially so when prisoners are forced to endure either extreme heat or cold in their cells during rack-up or lockdowns - be it annual shakedown or because of COVID or staff shortages. Things such as cold water, cold showers, respite areas etc. merely mitigate the effects of exposure not prevent the conditions that place prisoners at serious risk to their health & lives. This mitigation is absolutely meaningless when a prisoner is confined in their cell. Fans (no matter how many) simply blow hot air around and do little if anything, to actually cool down the cell to humane temperatures. Mitigation efforts by TDCJ substantiates that the agency understands the issue of extreme temperatures and the risk it poses to the prisoners. Failure to meaningfully address that issue by ensuring that temperatures in all housing and working areas are kept between 65°-85°F accounts to deliberate indifference.

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Action Requested to resolve your Complaint.** For all housing & working areas to be maintained between 65°-85°F at all times.

**Offender Signature:** Seth Batterton   **Date:** 1-30-22

**Grievance Response:**

Your complaint has been investigated and reviewed. Investigation revealed TDCJ already has an excessive and extreme temperature conditions, policy in place. Refer to AD-10.6 I: Excessive and Extreme Temperature Conditions in the TDCJ. All staff are trained on the policy and implement the policy during the hot and cold seasons. At this time, there is no need to change, adapt, or update the current policy in place. No action warranted.

**Signature Authority:** Caciql Breeden  AW Breeden   **Date:** MAR 1 5 2022

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**        *Resubmit this form when the corrections are made.*

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #_____
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

### OFFICE USE ONLY

Initial Submission        UGI Initials:_____

Grievance #:_____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**2nd Submission**        UGI Initials:_____

Grievance #:_____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**3rd Submission**        UGI Initials:_____

Grievance #:_____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix

AUG 3 0 2022



**Texas Department of Criminal Justice**

# STEP 2     OFFENDER GRIEVANCE

**OFFICE USE ONLY**

Grievance #: _2022058385_

UGI Recd Date: __APR 0 5 2022__

HQ Recd Date: __APR 1 1 2022__

Date Due: __5.15.22__

Grievance Code: _506-598_

Investigator ID#: **I1364**

Extension Date: __JUN 2 4 2022__

Offender Name: _Batterton, Sedl_     TDCJ # _02154923_

Unit: _RB_     Housing Assignment: _4E67T_

Unit where incident occurred: _RB_

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

**Give reason for appeal (Be Specific).**     *I am dissatisfied with the response at Step 1 because...*

I reassert by reference all facts, claims and arguments presented at Step One.

This grievance was on "the policy or practice that does not require TDCJ to maintain all housing and work areas between 65°-85°F at its facilities."

AD-10.64 states absolutely nothing about maintaining temperatures between 65°-85°F. Everything mentioned in that directive is designed to merely mitigate the effects of exposure and not to prevent the conditions that place prisoners at serious risk to their health and lives by extreme temperatures.

I have now exhausted all administrative remedies as required by the PLRA to bring suit.

---

I-128 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix G

Offender Signature: _Seth Batterton_        Date: _4th April 2022_

**Grievance Response:**

Your Step 2 grievance has been investigated by this office. You were appropriately advised at the Step 1 level. Furthermore, the agency remains committed to ensuring inmates are safe during temperature extremes. Policy will continue to be adhered to. If you are having a medical issue related to temperature, contact Health Services. If you are having a temperature related concern at your unit of assignment, notify a security supervisor. Assistance will be provided. Based on the information available at this time, no further action is warranted.

Signature Authority: _J. Back_        Date: **JUL 2 2 2022**

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: _____ | |
| Date CGO Rec'd: _____ | |
| (check one) ____ Screened | _____ Improperly Submitted |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: _____ | |
| Date CGO Rec'd: _____ | |
| (check one) ____ Screened | _____ Improperly Submitted |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: _____ | |
| Date CGO Rec'd: _____ | |
| (check one) ____ Screened | _____ Improperly Submitted |
| Comments: _____ | |
| Date Returned to Offender: _____ | |

I-128 Back (Revised 11-2010)                    **Appendix G**

# Texas Department of Criminal Justice

## STEP 1   OFFENDER GRIEVANCE FORM

Carter, Dannie     4F-11T

Offender Name: **Dannie Carter**     TDCJ # 2013581

Unit: **RB**     Housing Assignment: 4-B-36-T

Unit where incident occurred: **RB/TDCJ wide**

**OFFICE USE ONLY**

Grievance #: 2022058382

Date Received: JAN 31 2022

Date Due: 03-12-22

Grievance Code: 506-598

Investigator ID #: 2553

Extension Date: 04-21-22

Date Retd to Offender: MAR 2 4 2022

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Letter to Bobby Lumpkin (Truckmail)   When? Jan 18 2022

What was their response? No response

What action was taken? None

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I file this grievance on the policy or practice that does not require TDCJ to maintain all housing & working areas between 63°-85°F at its facilities. This lack of climate control (hot & cold) creates inhumane conditions of confinement that violate the 8th Amendment.

Texas is known to experience hot & cold temperatures. Yet despite the dangers that inherently accompany extreme temperatures. TDCJ has done nothing meaningful to ensure humane conditions. This is especially so when prisoners are forced to endure either heat or cold in their cells during rack-up or lockdowns - be it annual shakedown or because of COVID or staff shortages. Things such as cold water, cold showers, respite areas etc. merely mitigate the effects of exposure not prevent the conditions that place prisoners at serious risk to their health & lives. This mitigation is absolutely meaningless when a prisoner is confined to their cell. Fans (no matter how many) simply blow hot air around & do little, if anything, to actually cool down the cell to humane temperatures. Mitigation efforts by TDCJ substantiates that the agency understands the issue of extreme temperatures and the risk it poses to its prisoners. Failure to meaningfully address that issue by ensuring that temperatures in all housing & working areas are kept between 63°-85°F amounts to deliberate indifference.

I-127 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix F

**Action Requested to resolve your Complaint.** For all housing & working areas to be maintained between 65°-85°F at all times.

**Offender Signature:** Dannie D. Carter                    **Date:** 1-30-22

**Grievance Response:**

Your complaint has been investigated and reviewed. Investigation revealed TDCJ already has an excessive and extreme temperature conditions, policy in place. Refer to AD-10.64: Excessive and Extreme Temperature Conditions in the TDCJ. All staff are trained on the policy and implement the policy during the hot and cold seasons. At this time, there is no need to change, adapt, or update the current policy in place. No action warranted.

**Signature Authority:** Clarise Breeden  AW Breeden        **Date:** MAR 1 5 2022

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

☐ 1.  Grievable time period has expired.
☐ 2.  Submission in excess of 1 every 7 days. *
☐ 3.  Originals not submitted. *
☐ 4.  Inappropriate/Excessive attachments. *
☐ 5.  No documented attempt at informal resolution. *
☐ 6.  No requested relief is stated. *
☐ 7.  Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8.  The issue presented is not grievable.
☐ 9.  Redundant, Refer to grievance # _____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health**

**Medical Signature Authority:** _____

**OFFICE USE ONLY**

Initial Submission          UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission             UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission             UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)                    **Appendix F**

AUG 0 8 2022

2022058382



**Texas Department of Criminal Justice**

# STEP 2     OFFENDER GRIEVANCE

Offender Name: __Carter, Dannie__   TDCJ # __2013581__

Unit: __Robertson Unit__   Housing Assignment: __4-F-~~501~~ 11T__

Unit where incident occurred: __Robertson Unit / TDCJ-wide__

<table>
<tr><td colspan="2">OFFICE USE ONLY</td></tr>
<tr><td>Grievance #:</td><td>2022058382</td></tr>
<tr><td>UGI Recd Date:</td><td>APR 1 9 2022</td></tr>
<tr><td>HQ Recd Date:</td><td>APR 2 2 2022</td></tr>
<tr><td>Date Due:</td><td>05.29.22</td></tr>
<tr><td>Grievance Code:</td><td>566-598 099</td></tr>
<tr><td>Investigator ID#:</td><td></td></tr>
<tr><td>Extension Date:</td><td></td></tr>
</table>

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

I reassert by reference all facts, claims and arguments presented at Step One.

USDA Dietary Guidelines are NOT being adhered to and such deprivation of wholesome and nutritious meals of sufficient variety is a violation of the 8th Amendment.

The truth of the matter is this: TDCJ as a whole is being impacted by the financial fallout of the COVID pandemic, inflation and supply chain issues, and to compensate TDCJ has cut the amount and type of food being given to sustain its prisoners. This is why our meals are being watered down and fail to be wholesome, nutritious or of sufficient variety. This is a deliberate act calculated to save TDCJ money and is indifferent to the health and welfare of Texas prisoners.

I have now exhausted all administrative remedies as required by the PLRA to bring suit.

I-128 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix G

_____

_____

_____

_____

**Offender Signature:** _Dammi D. Cat_      **Date:** _17th April 2022_

**Grievance Response:**




**Signature Authority:** _____    **Date:** _____

**Returned because:**    *Resubmit this form when corrections are made.*

☑ **1. Grievable time period has expired.**

☐ **2. Illegible/Incomprehensible.***

☐ **3. Originals not submitted. ***

☐ **4. Inappropriate/Excessive attachments.***

☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☐ **6. Inappropriate.***

**CGO Staff Signature:** _Back_

| **OFFICE USE ONLY** | |
|---|---|
| **Initial Submission** | **CGO Initials:** _JB_ |
| Date UGI Recd: _4/19_ | |
| Date CGO Recd: _4/22_ | |
| (check one) _✓_ Screened   ___ Improperly Submitted | |
| Comments: _Time_ | |
| Date Returned to Offender:_____ | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ___ Screened   ___ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender:_____ | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ___ Screened   ___ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |

**I-128 Back** (Revised 11-2010)                         **Appendix G**



**Texas Department of Criminal Justice**

## STEP 1

**OFFENDER GRIEVANCE FORM**

Martinez, Juan

Offender Name: __Juan Martinez__     TDCJ # __2017980__

Unit: __RB__     Housing Assignment: __4-E-39B__

Unit where incident occurred: __RB/TDCJ wide__

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2022058376 |
| Date Received: | JAN 31 2022 |
| Date Due: | 03-12-22 |
| Grievance Code: | 506-598 |
| Investigator ID #: | 2553 |
| Extension Date: | 04-21-22 |
| Date Retd to Offender: | MAR 2 4 2022 |

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? __Letter to Bobby Lumpkin (Truckmail)__     When? __1-18-2022__

What was their response? __No response__

What action was taken? __None__

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I file this grievance on the policy or practice that does not require TDCJ to maintain all housing & working areas between 65°-85°F at its facilities. This lack of climate control (hot & cold) create inhumane conditions of confinement that violate the 8th Amendment.

Texas is known to experience hot & cold temperatures. Yet despite the dangers that inherently accompany extreme temperatures, TDCJ has done nothing meaningful to ensure humane conditions. This is especially so when prisoners are forced to endure either extreme heat or cold in their cells during rack-up or lockdowns — be it annual shakedown or because of COVID or staff shortages. Things such as cold water, cold showers, respite areas etc. merely mitigate the effects of exposure, not prevent the conditions that place prisoners at serious risk to their health and lives. This mitigation is absolutely meaningless when a prisoner is confined to their cell. Fans (no matter the number) simply blow hot air around and do little, if anything, to actually cool down the cell to humane temperatures. Mitigation efforts by TDCJ substantiates that the agency understands the issue of extreme temperatures and the risk it poses to its prisoners. Failure to meaningfully address that issue by ensuring that temperatures in all housing and working areas are kept between 65°-85°F amounts to deliberate indifference.

---

I-127 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix F

**Action Requested to resolve your Complaint.** For all housing and working areas to be maintained between 65°-85°F at all times.

**Offender Signature:** _Sean Mann_        **Date:** 1-30-22

**Grievance Response:**

Your complaint has been investigated and reviewed. Investigation revealed TDCJ already has an excessive and extreme temperature conditions, policy in place. Refer to AD-10.64: Excessive and Extreme Temperature Conditions in the TDCJ. All staff are trained on the policy and implement the policy during the hot and cold seasons. At this time, there is no need to change, adapt, or update the current policy in place. No action warranted.

**Signature Authority:** _Darief Breeden_ AW Breeden     **Date:** MAR 1 5 2022

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance # _____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

**Medical Signature Authority:** _____

**OFFICE USE ONLY**

Initial Submission     UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

2nd Submission     UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

3rd Submission     UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

I-127 Back (Revised 11-2010)        Appendix F



# Texas Department of Criminal Justice

# STEP 2          OFFENDER GRIEVANCE

Offender Name: Martinez, Juan          TDCJ # 2017980

Unit: Robertson Unit     Housing Assignment: 4-E-39B

Unit where incident occurred: Robertson Unit / TDCJ-wide

**OFFICE USE ONLY**

Grievance #: 2022058376

UGI Recd Date: MAR 29 2022

HQ Recd Date: APR 11 2022

Date Due: 5.8.22

Grievance Code: 506-598

Investigator ID#: 12823

Extension Date: JUN 17 2022

*You must attach the completed Step 1 Grievance that h̶   ̶signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that ̶   ̶ ̶returned unprocessed.*

Give reason for appeal (Be Specific). I am dissatisfied with the response at Step 1 because:

I reassert by reference all facts, claims and arguments presented at Step One.

This grievance was on "the policy or practice that does not require TDCJ to maintain all housing and working areas between 65-85°F at its facilities."

AD-10.64 states absolutely nothing about maintaining temperatures between 65-85°F. Everything mentioned in that directive is designed to merely mitigate the effects of exposure and not to prevent the conditions that place prisoners at serious risk to their health and lives by extreme temperatures.

I have now exhausted all administrative remedies as required by the PLRA to bring suit.

**I-128 Front** (Revised 11-2010)          **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**          (OVER)

Appendix G

**Offender Signature:** _fure Mint_                                        **Date:** _27ᵗʰ March 2022_

**Grievance Response:**

Your Step 2 grievance and complaint concerning your living conditions have been reviewed. Unit maintenance informed the temperature is set according to policy. Every staff member within the TDCJ is required to be knowledgeable of the information presented in Administrative Directive-10.64 (AD-10.64), Excessive and Extreme Temperature Conditions in the TDCJ to assist in the prevention, recognition, and treatment of heat and/or cold related illnesses and/or injuries. Keep in mind, staff as well as inmates are vulnerable to temperature extremes and the TDCJ makes every effort to provide all with adequate and acceptable working and living conditions, however, units are limited to working with whatever means are available to them. Remember to contact security staff in your area for immediate assistance if you feel you are experiencing any symptoms that may indicate a temperature related illness or injury. No evidence of staff misconduct or policy violations found. No further action is warranted.

**Signature Authority:** _H. M. Pederson_ MAY 24 2022                **Date:** _____

**Returned because:**     *Resubmit this form when corrections are made.*

☐ **1. Grievable time period has expired.**

☐ **2. Illegible/Incomprehensible.***

☐ **3. Originals not submitted. ***

☐ **4. Inappropriate/Excessive attachments.***

☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☐ **6. Inappropriate.***

**CGO Staff Signature:** _____

**I-128 Back (Revised 11-2010)**

| OFFICE USE ONLY | |
| --- | --- |
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: | |
| Date CGO Rec'd: | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: | |
| Date Returned to Offender: | |
| **2ⁿᵈ Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: | |
| Date CGO Rec'd: | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: | |
| Date Returned to Offender: | |
| **3ʳᵈ Submission** | **CGO Initials:** _____ |
| Date UGI Rec'd: | |
| Date CGO Rec'd: | |
| (check one) ____ Screened | ____ Improperly Submitted |
| Comments: | |
| Date Returned to Offender: | |

**Appendix G**

A T T A C H M E N T
**B**



**Texas Department of Criminal Justice**

# STEP 1

### OFFENDER GRIEVANCE FORM

4E-208

| OFFICE USE ONLY |
|---|
| Grievance #: 2022098083 |
| Date Received: MAY 11 2022 |
| Date Due: 06-20-22 |
| Grievance Code: 506-598 |
| Investigator ID #: F2133 |
| Extension Date: |
| Date Retd to Offender: JUN 11 2022 |

Offender Name: ANDREWS, ROBERT    TDCJ # 2214727

Unit: R.B.    Housing Assignment: 4F-208

Unit where incident occurred: ROBERTSON UNIT

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer on Duty    When? 5-8-2022

What was their response? "Rack up"

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 5-8-22 the heat index temperture exceeded 106°F. TDCJ showed deliberate indifference towards my safety by placing the unit on lockdown at noon and confining prisoners to their cells during the hottest part of the day. We were not provided cold water, cold showers, or access to respite areas. This is a common practice of the T.D.C.J.

---

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

_____
_____
_____
_____
_____
_____
_____
_____
_____

**Action Requested to resolve your Complaint.** Do not confine prisoners to cell during excessive heat.

**Offender Signature:** _____   **Date:** 5-9-02

**Grievance Response:**

Your grievance has been reviewed and investigated. Inmates were given the opportunity to come out of their cells for cold water and cold showers. Inmates were observed using the regular showers and cold showers while others were in the dayroom. Respite areas are available upon request. There was no evidence found to support your allegation that staff failed to provide you with cold water, cold showers, or respite areas. No further action warranted.

**WARDEN J. COZBY**

**Signature Authority:** _____   **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**   ***Resubmit this form when the corrections are made.**

☐ 1.  Grievable time period has expired.
☐ 2.  Submission in excess of 1 every 7 days. *
☐ 3.  Originals not submitted. *
☐ 4.  Inappropriate/Excessive attachments. *
☐ 5.  No documented attempt at informal resolution. *
☐ 6.  No requested relief is stated. *
☐ 7.  Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8.  The issue presented is not grievable.
☐ 9.  Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Rec'd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Rec'd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Rec'd from Offender: | _____ |
| Date Returned to Offender: | _____ |

Appendix F



SEP 2 4 2022

**Texas Department of Criminal Justice**

# STEP 2     OFFENDER GRIEVANCE FORM

Offender Name: _ANDREWS, ROBERT_   TDCJ # _2214727_

Unit: _R.3_   Housing Assignment: _4-G-203_

Unit where incident occurred: _R.3_

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: | _2022098083_ |
| UGI Recd Date: | JUN 1 7 2022 |
| HQ Recd Date: | JUN 2 7 2022 |
| Date Due: | _7-27-22_ |
| Grievance Code: | _506-598_ |
| Investigator ID#: | **I1364** |
| Extension Date: | SEP 0 5 2022 |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

The response at Step One does not address the fact that it is deliberate indifference to our health and safety to lock us in our cells when the heat index exceeds 106°F. This is an ongoing issue.

Furthermore, there is no evidence to support the response at Step One. Logic dictates that the 'heat mitigation' that the response states we received is logistically impossible when the unit is so short staffed that it must be placed on lockdown. TDCJ's short staff/over crowding issues are compounding the dangers of excessive heat conditions.

NOTICE! Please retain all camera footage from 5-8-22 for further litigation.

**Offender Signature:** _____   Date: 6·15·22

**Grievance Response:**

Your Step 2 grievance has been investigated by this office. You were appropriately advised at the Step 1 level. The safety and security of the inmate population is priority. Adherence to AD-10.64 "Excessive and Extreme Temperatures in the TDCJ" will continue to be monitored to ensure compliance. Based on the evidence available at this time, no further action is warranted.

**Signature Authority:** _J. Back_   Date: AUG 0 2 2022

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | CGO Initials: _____ |
| Date UGI Rec'd:_____ | |
| Date CGO Rec'd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender:_____ | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Rec'd:_____ | |
| Date CGO Rec'd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender:_____ | |
| 3rd Submission | CGO Initials: _____ |
| Date UGI Rec'd:_____ | |
| Date CGO Rec'd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender:_____ | |

I-128 Back (Revised 11-2010)                                    Appendix G

# Texas Department of Criminal Justice

## STEP 1

### OFFENDER GRIEVANCE FORM

Kerns, Allen

Offender Name: _Allen Kerns_          TDCJ # _2303607_

Unit: _Robertson_     Housing Assignment: _4E 34 B_

Unit where incident occurred: _Robertson_

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2022097994 |
| Date Received: | MAY 1 1 2022 |
| Date Due: | 06-20-22 |
| Grievance Code: | 506-598 |
| Investigator ID #: | I 2133 |
| Extension Date: | |
| Date Retd to Offender: | JUN 1 1 2022 |

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Officer on duty_          When? _5-8-22_

What was their response? _"Rack up"_

What action was taken? _None_

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 5-8-22 the heat index temperature exceeded 106°F. TDCJ showed deliberate indifference towards my safety by placing the unit on lockdown at 12-noon and confining prisoners to their cells during the hottest part of the day. We were not provided cold water, showers, or access to respite areas. This is a common practice of the TDCJ.

---

I-127 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix F

Action Requested to resolve your Complaint.   *Do not confine prisoners to cell during excessive heat*

Offender Signature: _____   Date: 5-9-22

Grievance Response:

Your grievance has been reviewed and investigated. Inmates were given the opportunity to come out of their cells for cold water and cold showers. Inmates were observed using the regular showers and cold showers while others were in the dayroom. Respite areas are available upon request. There was no evidence found to support your allegation that staff failed to provide you with cold water, cold showers, or respite areas. No further action warranted.

## WARDEN J. COZBY

Signature Authority: _____   Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:       *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #_____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

UGI Printed Name/Signature: _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

Medical Signature Authority:_____

I-127 Back (Revised 11-2010)

### OFFICE USE ONLY

Initial Submission         UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**2nd Submission**         UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

**3rd Submission**         UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Offender: _____

Date Returned to Offender: _____

Appendix F



**Texas Department of Criminal Justice**

# STEP 2    OFFENDER GRIEVANCE

Offender Name: _Allen Kerns_    TDCJ # _2303607_

Unit: _RB_    Housing Assignment: _4E34B_

Unit where incident occurred: _RB_

SEP 2 4 2022

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | _2022097994_ |
| UGI Recd Date: | JUN 1 6 2022 |
| HQ Recd Date: | JUN 2 3 2022 |
| Date Due: | _7·20·22_ |
| Grievance Code: | _506-598_ |
| Investigator ID#: | **I1364** |
| Extension Date: | SEP 0 4 2022 |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific). *I am dissatisfied with the response at Step 1 because...*

The response at Step One does not address the fact that it is deliberate indifference to our health and safety to lock us in our cells when the heat index exceeds 106°F. This is an ongoing issue.

Furthermore, there is no evidence to support the response at Step One. Logic dictates that the 'heat mitigation' that the response states we received is logistically impossible when the unit is so short staffed that it must be placed on lockdown. TDCJ's short staff/overcrowding issues are compounding the dangers of excessive heat conditions.

NOTICE: Please retain all camera footage from 5-8-22 for further litigation.

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

Offender Signature: _____   Date: 6/15/22

**Grievance Response:**

Your Step 2 grievance has been investigated by this office. You were appropriately advised at the Step 1 level. The safety and security of the inmate population is priority. Adherence to AD-10.64 "Excessive and Extreme Temperatures in the TDCJ" will continue to be monitored to ensure compliance. Based on the evidence available at this time, no further action is warranted.

**Signature Authority:** J. Back                    Date: AUG 0 2 2022

**Returned because:**    *Resubmit this form when corrections are made.*

☐ **1. Grievable time period has expired.**

☐ **2. Illegible/Incomprehensible.***

☐ **3. Originals not submitted. ***

☐ **4. Inappropriate/Excessive attachments.***

☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**

☐ **6. Inappropriate.***

**CGO Staff Signature:** _____

**I-128 Back (Revised 11-2010)**

<table>
<tr><td colspan="2"><b>OFFICE USE ONLY</b></td></tr>
<tr><td><b>Initial Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td>(check one) ____Screened</td><td>____Improperly Submitted</td></tr>
<tr><td colspan="2">Comments:_____</td></tr>
<tr><td colspan="2">Date Returned to Offender:_____</td></tr>
<tr><td><b>2nd Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td>(check one) ____Screened</td><td>____Improperly Submitted</td></tr>
<tr><td colspan="2">Comments:_____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td><b>3rd Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td>(check one) ___Screened</td><td>___Improperly Submitted</td></tr>
<tr><td colspan="2">Comments:_____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

**Appendix G**

# Texas Department of Criminal Justice

## STEP 1 — OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2022098159

Date Received: MAY 11 2022

Date Due: 06-20-22

Grievance Code: 506-598

Investigator ID #: I 2133

Extension Date: _____

Date Retd to Offender: JUN 10 2022

Elmore, James

Offender Name: _James W. Elmore_  TDCJ # _2273850_

Unit: _RB_   Housing Assignment: _4-E2-30 B_

Unit where incident occurred: _Robertson Unit_

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Officer on duty_   When? _5-8-22_

What was their response? _"Rack up"_

What action was taken? _None_

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On 5-8-22 the heat index temperature exceeded 106°F. TDCJ showed deliberate indifference towards my safety by placing the unit on lockdown at 12-noon and confining prisoners to their cells during the hottest part of the day. We were not provided cold water, showers, or access to respite areas. This is a common practice of the TDCJ.

---

**I-127 Front** (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Action Requested to resolve your Complaint. _Do not confine prisoners to cell during excessive heat._

Offender Signature: _J.W. Elmore_      Date: _5 - 9 - 22_

Grievance Response:

Your grievance has been reviewed and investigated. Inmates were given the opportunity to come out of their cells for cold water and cold showers. Inmates were observed using the regular showers and cold showers while others were in the dayroom. Respite areas are available upon request. There was no evidence found to support your allegation that staff failed to provide you with cold water, cold showers, or respite areas. No further action warranted.

## J. COZBY, WARDEN

Signature Authority: _____      Date: 6/10/22
If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:      *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F

SEP 24 2022



**Texas Department of Criminal Justice**

# STEP 2       OFFENDER GRIEVANCE

Offender Name: _Elmore, James_       TDCJ# _2273850_

Unit: _RB_       Housing Assignment: _4-E2-30B_

Unit where incident occurred: _Robertson Unit_

_Step 1 # 2022098159_

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: | _2022098159_ |
| UGI Recd Date: | JUN 20 2022 |
| HQ Recd Date: | JUN 27 2022 |
| Date Due: | _7.30.22_ |
| Grievance Code: | _500-598_ |
| Investigator ID#: | **I1364** |
| Extension Date: | SEP 08 2022 |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).   *I am dissatisfied with the response at Step 1 because...*

The response at Step One does not address the fact that it is deliberate indifference to our health and safety to lock us in our cells when the heat index exceeds 106°F. This is an ongoing issue.

Furthermore, there is no evidence to support the response at Step One. Logic dictates that the 'heat mitigation' that the response states we received is logistically impossible when the unit is so short staff/overcrowded that it must be placed on lockdown. TDCJ's short staff/overcrowding issues are compounding the dangers of excessive heat conditions.

NOTICE: Please retain all camera footage from 5-8-22 for further litigation.

I-128 Front (Revised 11-2010)       **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**       (OVER)

Appendix G

Offender Signature: _J.W. Elmore_____   Date: _June 18, 2022_

**Grievance Response:**

Your Step 2 grievance has been investigated by this office. You were appropriately advised at the Step 1 level. The safety and security of the inmate population is priority. Adherence to AD-10.64 "Excessive and Extreme Temperatures in the TDCJ" will continue to be monitored to ensure compliance. Based on the evidence available at this time, no further action is warranted.

Signature Authority: _J. Back_____   Date: _AUG 0 2 2022_

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.* –

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

**Initial Submission**                     CGO Initials: _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) _____ Screened _____ Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**2nd Submission**                     CGO Initials: _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) _____ Screened _____ Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**3rd Submission**                     CGO Initials: _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) _____ Screened _____ Improperly Submitted

Comments:_____

Date Returned to Offender:_____

I-128 Back (Revised 11-2010)                                    **Appendix G**

UNITED STATES DISTRICT COURT
Southern District of Texas
P.O. Box 61010
Houston, Texas 77208

United States Courts
Southern District of Texas
**FILED**

NOV 0 1 2022

Nathan Ochsner, Clerk of Court  26th October 2022

RE: <u>BAKER, et al., V. COLLIER, et al.</u>
 <u>INITIATION OF §1983 CIVIL RIGHTS SUIT</u>
 <u>MULTI-PLAINTIFF ACTION</u>

To The Clerk,

Please  find  attached the following documents to initate a §1983 Civil Rights
Lawsuit:

> ORIGINAL COMPLAINT (with attachments A and B)

> Summons

The  payment  of the $402 filing fee will be paid separately from this filing.
Please  let  me know once this filing fee has been received, and how the Court
would prefer us, as prisoners, to serve the Defendants. It is my understanding
that  the  Defendants  will  all be represented by the Texas Attorney General.

Thank you for your time and assistance.

    With Respect,

    *Matthew Baker*

    Matthew Baker #2227525
    Robertson Unit
    12071 F.M. 3522
    Abilene, Texas 79601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW BAKER; ROBERT ANDREWS; | § |
| TIMOTHY CONE; ALLEN KERNS; | § |
| JAMES ELMORE; ADAM THOMAS; | § |
| WILLIAM OLIVER; SETH BATTERTON; | § |
| DANNIE CARTER; and JUAN MARTINEZ | § |
| | |
| Individually and on behalf of all | § |
| others similarly situated. | § |
| | § |
| PLAINTIFFS, | § |
| | § |
| V. | §   CIVIL ACTION No. _____ |
| | § |
| BRYAN COLLIER; OSCAR MENDOZA; | § |
| BOBBY LUMPKIN; PATRICK D. | § |
| O'DANIEL; DERRELYNN PERRYMAN; | § |
| LARRY D. MILES; E.F. MANO | § |
| DeAYALA; MOLLY FRANCIS; | § |
| FAITH JOHNSON; SICHAN SIV; | § |
| ERIC NICHOLS; and RODNEY | § |
| BURROW | § |
| | § |
| Individually and in his or her | § |
| official capacity. | § |
| | § |
| DEFENDANTS. | § |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon Plaintiffs, whose address is: Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.


Clerk of the Court

Date: _____



FOREVER / USA

Matthew Bates #2047525
Robertson Unit
12071 FM 3522
Abilene, TX 79601

United States District Court
Southern District of Texas
P.O. Box 61010
Houston, Texas 77208

Legal Correspondence