IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW BAKER, et al., | § | |
|     *Plaintiffs,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. A-2-CV-1249-RP |
| | § | |
| BRYAN COLLIER, et al., | § | |
|     *Defendants.* | § | |

**DEFENDANTS' MOTION TO TRANSFER VENUE**

NOW COME Defendants Bryan Collier, Oscar Mendoza, Bobby Lumpkin, Patrick O'Daniel, Derrelynn Perryman, Larry Miles, Mano DeAyala, Molly Francis, Faith Johnson, Sichan Siv, Eric Nichols, and Rodney Burrow (collectively "Defendants") by and through the Office of the Attorney General for the State of Texas, who files this Motion to Transfer Venue. In support thereof, Defendants respectfully show the Court the following:

**I.**

**STATEMENT OF THE CASE**

Plaintiffs Matthew Baker, Robert Andrews, Timothy Cone, Allen Kerns, James Elmore, Adam Thomas, William Oliver, Seth Batterton, Dannie Carter, and Juan Martinez (collectively "Plaintiffs") are inmates currently confined in the Texas Department of Criminal Justice ("TDCJ") at the French M. Robertson Unit in Abilene, Texas. Proceeding *pro se* and paying a singular fee for ten named claimants,[1] Plaintiffs filed suit in the Southern District of Texas, Houston Division on November 1, 2022. *See generally* ECF No. 1. Plaintiffs sue Defendants[2] in

---

[1] *See* ECF No. 11 at 1, n. 1.
[2] Defendants may be split into two groups of defendants (1) members of the Texas Board of Criminal Justice ("Board Members"), and (2) TDCJ Executive officers ("TDCJ Executives"). Defendants Patrick O'Daniel, Derrelynn

both their individual and official capacities requesting declaratory relief and seeking a permanent injunction regarding their and other inmates' conditions of confinement. *Id.* at ¶ 25. Specifically, Plaintiffs claim that the current heat mitigation requirements amount to cruel and unusual punishment because the "extreme [temperature] conditions constitute wanton and unnecessary infliction of pain and suffering" in all non-air-conditioned prison units. *Id.* at ¶ 119-123. Plaintiffs request (1) that the Court certify all TDCJ inmates without air-conditioning as a class in a class-action lawsuit, (2) declare that the current temperature mitigation measures amount to cruel and unusual punishment, (3) develop a plan to ensure that current and future inmates never experience extreme heat of temperatures over 85 degrees, (4) permanently enjoin Defendants to provide air conditioning so that all units maintain a set range of temperatures in all prison units in Texas, (5) order Defendants to refrain from retaliating against them because of this suit, (6) award Plaintiffs attorney's fees and court costs, (7) and all other necessary relief. *Id.* at ¶ 126-132, 134. Plaintiffs request a jury trial on all matters. *Id.* at ¶ 133.

On November 3, 2022, the presiding District Judge in the Southern District entered an order transferring this case to the Northern District of Texas, Abilene Division. *See generally* ECF No. 3. The Southern District Court reviewed Plaintiffs' Original Complaint and found that Plaintiffs had alleged that TDCJ's policies regarding climate control are insufficient and that "staff at the Robertson Unit have allegedly failed to comply with TDCJ's policies, resulting in further violations of their rights." *Id.* at 1. The Southern District Court determined that transfer was proper to the Northern District of Texas, Abilene Division, because Plaintiffs and the facts that

---

Perryman, Larry Miles, Mano DeAyala, Molly Francis, Faith Johnson, Sichan Siv, Eric Nichols, and Rodney Burrow are/were members of the Texas Board of Criminal Justice ("The Board"). Defendants Bryan Collier, Oscar Mendoza, and Bobby Lumpkin work as executives for TDCJ.

give rise to the suit are located in Abilene. *Id.* at 2-3. Therefore, the Court found that under 28 U.S.C. § 1404(a), Abilene was the more convenient forum for the parties and witnesses and ordered that the case be transferred. *Id.* at 3-4.

Upon transfer, Plaintiffs submitted an Advisory to the Northern District notifying the Court that the Western District of Texas, Austin Division, may be the "more appropriate venue for this suit." *See* ECF No. 9 at 1. Plaintiffs alleged that the Western District is where "the majority of the Defendant's reside" and where the actual events underlying the suit occurred. *Id.* Plaintiffs objected to the Southern District's characterization that the events giving rise to the suit occurred in Abilene. *Id.* Instead, Plaintiffs stated that the underlying facts occurred in Austin, and any mention of alleged deficiencies[3] in TDCJ's heat mitigation techniques at the Robertson Unit were just examples of the unit's conformity to TDCJ policy. *Id.* at 2. Additionally, Plaintiffs stated that they could teleconference from the Robertson Unit for Western District hearings. *Id.* Plaintiffs did not include a certificate of service to Defendants. *See generally* ECF No. 9.

On November 28, 2022, the Northern District ordered the case be transferred to the Western District of Texas, Austin Division, under 28 U.S.C. § 1404(a). ECF No. 11. The Northern District Court relied on Plaintiffs' conclusory allegations that the majority of Defendants reside in Austin, that any alleged Robertson deficiencies in temperature mitigation techniques were to demonstrate TDCJ's policies were unconstitutional, and that the Robertson Unit is following the same policy as set by Defendants in Austin. *See id.* at 1-2. The Northern District electronically transferred the case to the Western District of Texas, Austin Division on November 28, 2022. ECF No. 12. The case was assigned to the Honorable United States District Judge Robert Pitman,

---

[3] *See Plaintiff's Original Petition* ¶ 69-70 (regarding availability of water at Robertson Unit).

3

who entered a Standing Order referring the case to the Honorable Magistrate Judge Dustin Howell. ECF No. 13. This Court then issued an order for Plaintiffs to serve Defendants, and Defendants waived service on January 27, 2023. ECF Nos. 16-18. Defendants now file this Motion to Transfer Venue:

## II.
## MOTION TO TRANSFER VENUE

### A. Standard of review.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain Co. v. The FBL-585,* 364 U.S. 19, 26-27 (1960). The decision whether to transfer a case under § 1404(a) is a matter within the district court's sound discretion. *Jarvis Christian Coll. v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir. 1988). In considering a Motion to Transfer Venue pursuant to § 1404(a), a district court must consider "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989). Furthermore, courts should not transfer a case "if the only practical effect is to shift inconvenience from the moving party to the nonmoving party." *Goodman Co., L.P. v. A & H Supply Co.,* 396 F. Supp. 2d 766, 776 (S.D. Tex. 2005).

The convenience determination for purposes of § 1404(a) turns on private and public interest factors. *In re Volkswagen AG,* 371 F.3d 201, 203 ("*In Re Volkswagen I*")(5th Cir. 2004). "[P]rivate concerns include: (1) the relative ease of access to sources of proof; (2) the availability

4

of compulsory process to secure the attendance of witnesses; (3) the costs of attendance for willing witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious and inexpensive." *Id.* "[P]ublic concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* A plaintiff's choice of forum is an additional consideration. *Fletcher v. S. Pac. Transp. Co.,* 648 F. Supp. 1400, 1401 (E.D. Tex. 1986). A plaintiff's choice of forum is entitled to deference, and the moving party must show "good cause" for a transfer. *In re Volkswagen of America Inc.*, 506 F.3d 376, 384 ("*In Re Volkswagen II*")(5th Cir. 2007). The moving party need not show that the balance of convenience and justice weighs substantially in favor of a transfer, rather, "where the transferee forum is clearly more convenient, a transfer should be ordered." *Id.* Here, the public and private factors demonstrate that the Northern District of Texas, Abilene Division is the more convenient forum. Therefore, this Court should transfer this case to the Northern District of Texas, Abilene Division.

### B. The Northern District of Texas, Abilene Division, is an appropriate venue.

Section 1404(a) provides that a case may only be transferred to a "district or division where it might have been brought." 28 U.S.C. § 1404(a). As recognized by the Southern District of Texas, Houston Division, the Northern District of Texas, Abilene Division is an appropriate venue for this case. *See* ECF No. 3. Section 1391(b) of Title 28 of the United States Code provides:

> A civil action wherein jurisdiction is not founded solely only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the

subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

This case should be returned to the Northern District of Texas, Abilene Division, because (1) the case is more convenient in Abilene because the Plaintiffs reside there thus minimizing safety and logistical concerns, and (2) the alleged events or omissions giving rise to Plaintiffs' claims occurred there. Therefore, Defendants request that venue be transferred to the Northern District of Texas, Abilene Division.

### C. The private interest factors weigh in favor of transfer.

#### 1. Practical issues for trial favor Abilene over Austin.

While the Northern District concluded that Austin was the more convenient forum under Section 1404, practical problems exist for trying this case in Austin. Plaintiffs alleged that Austin is the more convenient forum for this case because Defendants work/reside there and Plaintiffs can telecommute. ECF No. 9 at 1. But statute, Plaintiffs' pleadings, and the below facts controvert Plaintiffs' conclusory assertions.

Unlike Plaintiffs' allegations in their advisory on venue, most of the Defendants do not live in Austin, Texas. *See Exhibit A (Affidavit of Jill Durst) and Exhibit B (Affidavit of Britteny Skains), See also Texas Board of Criminal Justice,* Tex. State Directory, available at: https://www.txdirectory.com/online/abc/detail.php?id=81.[4] In Fact, more Board Members reside in the Northern District of Texas than the Western District of Texas. *See Exh. C; Exh. C;* Tex. State

---

[4] The Texas State Directory has previously been cited by the Northern District of Texas in *Clark v. Rivas*, No. 5:17-CV-228-M-BQ, 2018 WL 3950429, at *9 (N.D. Tex. July 17, 2018), report and recommendation adopted, No. 5:17-CV-228-M-BQ, 2018 WL 3946456 (N.D. Tex. Aug. 16, 2018).

Directory. Moreover, statutorily the Board must comprise of members who reside throughout the state. *See* Tex. Gov't Code § 492.002(a).

Nor do the Board Members predominantly work in their official capacities in Austin as alleged in Plaintiffs' advisory. Instead, statutorily the Chairman determines where the Board's quarterly open meetings occur. *See* Tex. Gov't Code § 492.006(a). Since returning to in-person meetings after the pandemic, six of the nine meetings have occurred in places other than Austin, Texas. *See Meeting Schedule and Order Of Business For The Texas Board Of Criminal Justice*, TDCJ Publications, *available at* https://www.tdcj.texas.gov/publications/tbcj_schedule_order_business.html (noting Board resumed meetings in person on August 27, 2021 according to schedule notes)(Last Visited January 26, 2023). Board Members cannot promulgate policy or conduct business unless action is taken at an open meeting except for a few irrelevant exceptions. *See* Texas Department of Criminal Justice Board Policy 1.01 ("BP-1.01"), *Texas Board of Criminal Justice Responsibilities, available at* https://www.tdcj.texas.gov/documents/policy/BP0101.pdf; Texas Open Meetings Act, Tex. Gov't Code §§ 551.001-.146. Therefore, Plaintiffs are incorrect in asserting that any policy or work promulgated by the Board Members would *per se* occur in Austin. Instead, there is no certainty that the Board would promulgate policy from Austin.

The record, likewise, shows that Defendants Collier, Mendoza, and Lumpkin do not reside in Austin, Texas. *See* Exhibit A. Instead, these Defendants live in Walker County, Texas. *Id.* Additionally, Defendant Lumpkin's office is in Huntsville, Texas. Texas Department of Criminal Justice – Correctional Institutions Division Page, *available at*

7

https://www.tdcj.texas.gov/divisions/cid/index.html. Therefore, there is no convenient forum for Defendants because they reside and conduct business throughout the State.

Meanwhile, Plaintiffs are all located in the Robertson Unit about 32.5 miles away from the federal courthouse in Abilene. If this Court retained Plaintiffs' claims, TDCJ would have to transport Plaintiffs about 225 miles to the federal courthouse in Austin for live hearings. This poses safety and logistical issues due to the number and the violent nature of Plaintiffs. Plaintiffs' convictions range from Capital Murder, Continuous Sexual Abuse of a Child, Aggravated Sexual Assault of a Child, to Injury to Child.[5] Obviously, to transport violent inmates hundreds of miles to attend in-person court hearings would pull needed transportation officers away from their other duties. It would also deprive the Robertson Unit of officers when Plaintiffs allege that the prison is already understaffed. Therefore, the greater inconvenience to Defendants and their respective agency under § 1404(a) includes the potential safety and logistical issues in transporting Plaintiffs to Austin for live hearings and trial rather than where Defendants reside/work.

Plaintiffs' solution to hold all hearings by video-teleconference also creates safety and logistical issues. First, in their Advisory on Venue, Plaintiffs fail to provide any evidence but their conclusory allegations that the Robertson Unit has Zoom capability for inmates. *See generally* ECF No. 9. Considering the number of plaintiffs in this case and that the Robertson Unit is a maximum-security prison, it is unknown whether the ten Plaintiffs would be allowed in the law library[6] at one time due to safety concerns of congregating ten inmates in an area capable for the Plaintiffs to appear in a Zoom hearing. Additionally, the Plaintiffs have not sufficiently supported that the

---

[5] Offenses of Plaintiffs found on the TDCJ government website inmate search, which may be found at: https://inmate.tdcj.texas.gov/InmateSearch/start.action.
[6] Generally, where prisons employ zoom access if possible, at the prison unit.

Robertson Unit could separate each Plaintiff and provide them simultaneous access to a video or teleconference system if they cannot meet in one location. *See generally* ECF No. 9. But even if telephonic or Zoom access is simultaneously available for each Plaintiff, given the number of *pro se* plaintiffs fighting for their perceived constitutional rights, the Court may expect multiple parties speaking over one another, further drawing out the hearing and court process. This also does not consider that the Court will require hearings with witnesses or physical/record evidence, which may be expected in a suit seeking class certification. Even over Zoom, the ability to show documentary, demonstrative, or physical evidence over a video livestream may prove troublesome, but without video capability, it would remain impossible over the phone. Plaintiffs have also requested a jury trial,[7] which presents the same safety and logistical issues as pre-trial hearings with the addition of jurors. Thus, judicial efficiency weighs in favor of returning this lawsuit back to the Northern District of Texas, Abilene Division, because of the close physical proximity to Plaintiffs.

### 2. The relative ease of access to proof and witnesses favor Abilene.

Both the ease of access to proof and the availability of witnesses favor an Abilene forum because Plaintiffs' claim that this suit is based in Austin lacks legal foundation. Plaintiffs allege that Defendants violate their constitutional rights because they believe the current techniques merely "mitigate" extreme temperatures, and even if properly applied could not eliminate the conditions causing heat. ECF No. 1 at ¶ 85, 92-93, 102-103. As a result, Plaintiffs allege that the evidence in this case is in Austin where the Board meets to promulgate policy. ECF No. 9 at 2. But even disregarding the above reasons, that is incorrect because Plaintiffs have not asserted a viable Eighth Amendment violation by claiming the current mitigation techniques are inadequate.

---

[7] ECF No. 1 at paragraph 133.

The Fifth Circuit has expressly ruled that fans, ice water, and daily showers are effective techniques to mitigate heat temperatures and lead to no violation of the Eighth Amendment if properly available. *Ball v. LeBlanc,* 881 F.3d 346, 352 n.10 ("*Ball II*")(5th Cir. 2018)(citing *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015); *Valigura v. Mendoza*, 265 Fed.Appx. 232, 235 (5th Cir. 2008) (per curiam); *Gates v. Cook*, 376 F.3d 323, 339–40 (5th Cir. 2004)). The Fifth Circuit has established precedent to avoid implementing temperature controls in injunctions for heat cases. *Id.* Therefore, Plaintiffs will likely fail in their contention that even if properly applied, the current mitigation techniques are unconstitutional. They would also likely fail in having a court order any unit to stay within a mandated temperature range as requested. *See id.* at 352.

Consequently, the evidence in this case is not where the Board meets to make policy, but instead in Abilene, where Plaintiffs' experiences regarding heat mitigation techniques are located. Nor does it seem likely that they can certify a statewide class relying on their experiences at the Robertson Unit and general allegations of understaffing at TDCJ. *See* Fed. R. Civ. P. 23(a); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011) (noting that a representative must surpass a "mere pleading standard" and affirmatively demonstrate they are sufficiently prepared to meet all Rule 23(a) elements). Therefore, the location of evidence and witnesses favor an Abilene forum because it will require witnesses from the Robertson Unit to determine if the heat mitigation techniques are properly applied, if Plaintiffs have any claims at all.

   **3. Compulsory availability of witnesses.**

For any party traveling from Abilene, the availability of compulsory process for witnesses favors an Abilene forum.

Rule 45(c)(1) of the Federal Rules of Civil Procedure reads:

> (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
> (i) is a party or a party's officer; or
> (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1). Therefore, since Abilene is about 225 miles from the Western District of Texas, Austin Division, this would lie outside the compulsory process of this Court unless one of the above exceptions apply. Meanwhile witnesses from the Abilene area would remain within 100 miles if transferred to the Northern District of Texas, Abilene Division. As a result, this factor would weigh in favor of transfer.

### 4. Costs for available witnesses.

The cost factor for Abilene witnesses would also favor a forum where Plaintiffs are located. For those willing to attend without a subpoena, the Fifth Circuit has determined the cost of a witness increases directly with any additional distance traveled over 100 miles. *In re Volkswagen I,* 371 F.3d at 204-05. Thus, it is more convenient for the parties to testify at home rather than travel over 100 miles. *In re Volkswagen II,* 545 F.3d at 317. Additionally, attempting to coordinate fact witnesses during trial, who may live far distances away, places significant burdens on the witnesses themselves. *In Re Volkswagen I*, 371 F.3d at 205. Therefore, for Robertson Unit witnesses to testify in Austin, the drive would pull them roughly four hours away from not only their jobs, but their homes/families. These costs and additional burdens on potential witnesses favor the Northern District of Texas, Abilene Division, which lies just over 12 miles away from where the Plaintiffs are incarcerated.

**D. The public interest factors weigh in favor of transfer.**
    **1. Austin has no local interest in this litigation.**

The Northern District of Texas, Abilene Division has a far more direct interest in adjudicating this case than the Western District of Texas, Austin Division. At all times during this litigation, Plaintiffs have been incarcerated in Abilene, Texas. *See generally* ECF No. 1 at ¶ 3-12. Nor do they wish TDCJ to transfer them to another unit. ECF No. 1 at ¶ 131. The Plaintiffs also have not plead sufficient facts to demonstrate they have met the Rule 23 standard. *See Wal-Mart*, 564 U.S. at 345; *See generally* ECF No. 1. Plaintiffs have also failed to state sufficient facts to demonstrate personal knowledge of the conditions at other units or that a majority of the Defendants are located in Austin. *Id.*

"Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case." *Grimes v. Lufkin Indus., Inc.,* No. 2:09-CV-307-TJW, 2009 WL 5062053 at *3 (E.D. Tex. Dec. 16, 2009) (citing *In re Volkswagen II,* 545 F.3d at 318). Some courts have considered this factor by noting that the forum was not the "place of the wrong." *See Robertson v. Kiamichi R.R.,* 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999). This case involves ten plaintiffs who reside in Abilene and base their claims on "examples" of alleged heat mitigation failures from the Robertson Unit. It therefore lacks any meaningful connection to Austin. As a result, the Western District of Texas, Austin Division has no direct interest in this case while the Northern District of Texas, Abilene Division has a great interest. It would be a misallocation of Court resources to hear a Northern District of Texas, Abilene Division case in the Western District of Texas, Austin Division. Therefore, this Court should order the case be returned to the Northern District of Texas, Abilene Division.

## III.
## RECONSIDERATION OF ORDER TO TRANSFER

In bringing this motion, Defendants recognize that they essentially ask this Court to reconsider an Order to Transfer from another Court. But Defendants believe there is good cause to bring this motion based on the previous Court relying on Plaintiffs' incorrect and conclusory allegations. A motion to reconsider a court's order to transfer a case may be decided under Federal Rule of Civil Procedure 54(b) or 59(e). *See Crenshaw Enterprises, Ltd. V. Irabel, Inc.,* No. 1:17-CV-322, 2018 WL 6220060, at *2 (E.D. Tex. Feb. 15, 2018). Rule 54(b) typically deals with interlocutory orders or other orders that do not qualify as final judgments. Fed. R. Civ. P. 54(b); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Rule 59(e) handles the reconsideration of final judgments for a case. Fed. R. Civ. P. 59(e); *Austin*, 864 F.3d at 336.

This District has recently evaluated a motion to reconsider under the Rule 54(b) standard. *AudioEye, Inc. v. 13Accessible Ltd.,* No. 6:20-CV-997-ADA, 2022 WL 827805, at *2 (W.D. Tex. Mar. 9, 2022) (interpreting under Rule 54(b)); *Wsou Investments LLC v. Microsoft Corp.,* No. W-20-CV-00454-ADA, 2022 WL 2078216 at *12 (W.D. Tex. June 9, 2022) (where party seeking reconsideration originally argued under the 59(e) standard and then amended their motion to argue under 54(b) standard, the court considered an order on a motion to transfer an interlocutory order therefore 54(b) was applicable). Rule 54(b) allows a court to reverse their decision "for any reason it deems sufficient" under the circumstances presented to the court. *Austin,* 864 F.3d at 336; *Audioeye, 20*22 WL 827805 at 2 (quoting *Dallas Cnty., Tex. V. MERSCORP, Inc.*, 2 F. Supp. 3d 938, 950 (N.D. Tex. 2014)).

Under Rule 59(e), courts may reverse their previous finding when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available;

13

or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002). A court commits an abuse of discretion when it "uncritically accepts [ a party's] conclusory assertions" in Motions to Transfer Venue. *See Def. Distributed v. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022). Vague assertions of where witnesses or evidence may exist qualify as conclusory assertions in the face of "identified" evidence. *Id.*

Under either standard, this Court may return this case to the Northern District of Texas, Abilene Division. Starting with the stricter standard of Rule 59(e), Plaintiffs provided incorrect and conclusory allegations that the Northern District cited in their Order to Transfer. *See* ECF No. 9; ECF No. 11. While the arguments and facts Defendants now bring may have existed at the time of the Northern District's order, Defendants could not provide them as they had not received notice of the suit when Plaintiffs filed their Advisory.[8]

As stated above, the majority of Defendants do not reside or work in Austin. While Defendants recognize that TDCJ and the Board may hold offices in Austin and two Board Members may live in the Austin area, this diverges sharply from Plaintiffs' assertion that a majority of the Defendants live in Austin. *See* ECF No. 9 at 1. Instead, the Board Members are spread throughout the State as demonstrated in Exhibit A and the Texas State Directory. This comports with the state statute requiring members of the Board to reside in different areas of the Texas. *See* Tex. Gov't Code § 492.002(a).  Neither do the TDCJ executives live in Austin. *See Exh. B.*

Also, TDCJ administration promulgates and supervises the enactment of policy related to heat mitigation, not the Board. *See Exhibit C.* Administrative Directive 10.64 constitutes the heat

---

[8] If Plaintiffs may have dismissed their lawsuit and re-filed in the Western District of Texas, Austin Division pre-service of the Defendants, the Northern District of Texas, Abilene Division would still qualify as a more convenient forum for the above reasons.

mitigation policy for TDCJ. *See id.* If the Board promulgates a policy, it is abbreviated as "BP" for "Board Policy." *See, e.g.,*, BP-1.01, *Texas Board of Criminal Justice Responsibilities, available at https://www.tdcj.texas.gov/documents/policy/BP0101.pdf*; Texas Department of Criminal Justice Board Policy 1.03 ("BP-1.03"), *Delegation of Authority to Manage the Texas Department of Criminal Justice*, available at https://www.tdcj.texas.gov/documents/policy/BP0103.pdf (explaining that the Board delegates authority for the management of the agency to the TDCJ Executive Director).

The Board has delegated the authority for daily management of TDCJ to the Executive Director, and none of the Administrative Directive reviews required in BP-01.01 include matters of heat mitigation. *See id.* Additionally, TDCJ has promulgated an administrative rule directing the creation of the Correctional Institutions Division with the "operational responsibility for providing safe and appropriate confinement" for Texas felony inmates. 37 Tex. Admin. Code § 152.1. Therefore, the Board does not promulgate heat mitigation policy. Regardless of who promulgated the heat mitigation policy, Plaintiffs fail to provide any support for the conclusory assertion that the Board created the policy in Austin. *See* ECF No. 9 at 2. Therefore, the Northern District improperly relied on the Plaintiffs' unsupported allegations.

Plaintiffs also fail to support their allegations that deficiencies in the proper execution of heat mitigation techniques at the Robertson Unit are mere examples of systemic issues. *See generally* ECF No. 9. The Northern District's reliance on Plaintiffs' incorrect and unsupported factual allegations regarding the residency of Defendants, the location of Board meetings, and the promulgation of heat mitigation policy was improper. *See* ECF No. 11; *Def. Distributed v. Bruck*, 30 F.4th at 434. Because Defendants were not served with Plaintiffs' Advisory or had not received

15

notice of the suit,[9] the Defendants lacked the opportunity to present the above information. As a result, the Northern District's order transferring venue to the Western District warrants reconsideration under Rule 59(e) standards, as well as less stringent Rule 54(b) standards based on the newly presented information and arguments offered by Defendants. After reconsideration, this Court should transfer this case to the Northern District of Texas because Abilene is the more convenient forum and the Northern District Court erred when it uncritically relied on the Plaintiffs' conclusory allegations that the evidence and the majority of Defendants are located in Austin.

## IV.

## CONCLUSION

Defendants have shown good cause by demonstrating that a transfer is warranted because Abilene is the more appropriate forum. Additionally, Defendants have shown that the reconsideration of the Northern District Court's Order to transfer is appropriate. For these reasons, Defendants respectfully pray this Court grants this Motion to Transfer Venue and returns this case to the Northern District of Texas, Abilene Division.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

---

[9] *See* ECF No. 16. Ordering the Plaintiffs to notify the Defendants of the suit by properly serving them.

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ *Austin K. Hamby*
**Austin K. Hamby**
Assistant Attorney General
Texas State Bar No. 24105304
Southern Filing ID No. 3804760

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9994
Austin.Hamby@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I, **AUSTIN K. HAMBY**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above **Defendants' Motion to Transfer Venue** in accordance with the Electronic Case Files System of the Western District of Texas on March 27, 2023.

>/s/ *Austin K. Hamby*
>**Austin K. Hamby**
>Assistant Attorney General

## CERTIFICATE OF CONFERENCE

Due to the number of pro se and incarcerated plaintiffs, conference is impractical. Therefore, the Plaintiffs are presumed opposed.

>/s/ *Austin K. Hamby*
>**Austin K. Hamby**
>Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **AUSTIN K. HAMBY**, certify that a true and correct copy of the foregoing, **Defendants' Motion to Transfer Venue**, has been served via Certified Mail, Return Receipt Requested, on March 27, 2023:

Matthew Baker, TDCJ# 2227525     *Certified Mail*
Robert Andrews, TDCJ# 2214727
Timothy Cone, TDCJ# 1688760
Allan Kerns, TDCJ# 2303607
James Elmore, TDCJ# 2273850
Adam Thomas, TDCJ# 2254371
William Oliver, TDCJ# 2290434
Seth Batterton, TDCJ# 2154923
Dannie Carter, TDCJ# 2013581
Juan Martinez, TDCJ# 2017980
Robertson Unit
12071 FM 3522
Abilene, Texas 79601

/s/ *Austin K. Hamby*
**Austin K. Hamby**
Assistant Attorney General