**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MATTHEW BAKER, et al.,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. A-22-CV-1249-RP** |
| | § | |
| **BRYAN COLLIER, et al.,** | § | |
| *Defendants.* | § | |

---

**DEFENDANTS COLLIER, LUMPKIN, MENDOZA, O'DANIEL, PERRYMAN, MILES,
DeAYALA, FRANCIS, JOHNSON, SIV, NICHOLS, AND BURROW'S MOTION TO
DISMISS**

---

NOW COME Defendants Bryan Collier, Bobby Lumpkin, Oscar Mendoza, Patrick O'Daniel, Derrelynn Perryman, Larry Miles, Mano DeAyala, Molly Francis, Faith Johnson, Sichan Siv, Eric Nichols, and Rodney Burrow (collectively "Defendants") by and through the Office of the Attorney General for the State of Texas, who files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12. In support thereof, Defendants respectfully show the following:

## I.     STATEMENT OF THE CASE

Plaintiffs Matthew Baker, Robert Andrews, Timothy Cone, Allen Kerns, James Elmore, Adam Thomas, William Oliver, Seth Batterton, Dannie Carter, and Juan Martinez (collectively "Plaintiffs") are inmates currently confined in the Texas Department of Criminal Justice ("TDCJ") at the French M. Robertson Unit in Abilene, Texas. Proceeding *pro se* and paying a singular fee for ten named claimants,[1] Plaintiffs filed suit in the Southern District of Texas,

---

[1] *See* ECF No. 11 at 1, n. 1. Because Plaintiffs appear not to proceed *in forma pauperis,* 28 U.S.C. § 1915(a) would not apply, requiring each plaintiff to pay an individual filing fee.

Houston Division, on November 1, 2022. *See generally* ECF No. 1. Plaintiffs sue Defendants[2] in both their individual and official capacities requesting declaratory relief and seeking a permanent injunction regarding their and other inmates' conditions of confinement. *Id.* at ¶ 25. Specifically, Plaintiffs claim that TDCJ's current heat mitigation requirements amount to cruel and unusual punishment because the "extreme [temperature] conditions constitute wanton and unnecessary infliction of pain and suffering" in all non-air-conditioned prison units. *Id.* at ¶ 119-123. Plaintiffs suggest that the current heat mitigation techniques merely "mitigate" extreme temperatures and fail to prevent the condition leading to the alleged extreme temperatures. *Id.* at ¶ 85, 92-93, 102-103.

Plaintiffs request (1) that the Court certify all TDCJ inmates without air-conditioning as a class in a class-action lawsuit, (2) declare that the current temperature mitigation measures amount to cruel and unusual punishment, (3) develop a plan to ensure that current and future inmates never experience extreme heat of temperatures over 85 degrees, (4) permanently enjoin Defendants to require air conditioning so that all Texas prison units maintain a set range of temperatures in housing and work areas, (5) order Defendants to refrain from retaliating for filing this suit, (6) award Plaintiffs' attorneys fees and court costs, (7) and all other necessary relief. *Id.* at ¶ 126-132, 134. Plaintiffs request a jury trial on all matters. *Id.* at ¶ 133. After multiple venue transfers, Defendants have requested the Court to return the case to the Northern District of Texas, Abilene Division, as it is a more convenient forum and all relevant factors weigh in favor of

---

[2] Defendants may be split into two groups of defendants (1) members of the Texas Board of Criminal Justice ("Board Members"), and (2) TDCJ Executive officers ("TDCJ Executives"). Defendants Patrick O'Daniel, Derrelynn Perryman, Larry Miles, Mano DeAyala, Molly Francis, Faith Johnson, Sichan Siv, Eric Nichols, and Rodney Burrow are/were members of the Texas Board of Criminal Justice ("TBCJ"). Defendants Executive Director Bryan Collier, Deputy Executive Director Oscar Mendoza, and Correctional Institutions Division Director Bobby Lumpkin work as executives for TDCJ.

a venue transfer. ECF No. 3; ECF No. 11; ECF No. 20. Defendants now request that the presiding judge dismiss Plaintiffs' claims for the following reasons:

## II.    MOTION TO DISMISS PURSUANT TO 12(b)(1)

Plaintiffs fail to demonstrate how certain defendants are responsible for their alleged Eighth Amendment violation.

### a.  Relevant standard

A party may move to dismiss under Federal Rule of Civil Procedure 12(b)(1) when it seeks to challenge the subject matter jurisdiction of a district court. Fed. R. Civ. P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The burden of proof for a Rule 12(b)(1) motion is always borne by the party claiming jurisdiction. *Id.*  A court must have standing to maintain subject matter jurisdiction over a claim. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To have standing, a plaintiff must demonstrate that they (1) have an injury-in-fact, (2) that can be traced to the defendant, and (3) the claim is likely to be redressed by the requested relief. *Id.* at 561. When a party files multiple Rule 12 motions, "the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming,* 281 F.3d at 161.

To sufficiently state an injury-in-fact for the purposes of Article III standing, a plaintiff must plead facts that allege a concrete and specific "invasion of a legally protected interest" that is not hypothetical but has actually occurred or will imminently occur. *Wendt v. 24 Hour Fitness*

*USA, Inc.,* 821 F.3d 547, 550 (5th Cir. 2016)(citing *Lujan*, 504 U.S. at 560). To pursue their claims, Plaintiffs must sufficiently allege that a person acting on behalf of the state deprived them of rights guaranteed by the Constitution or laws of the United States. 42 U.S.C. § 1983 ("Section 1983"). The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. An inmate must allege conditions "posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to a prisoner's well-being to properly allege a conditions of confinement claim under the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)(citations omitted). The test includes both an objective and subjective prong. *Gobert v. Caldwell,* 463 F.3d 339, 345 (5th Cir. 2006).

Inmates have a right to be free "from exposure to extremely dangerous temperatures *without* adequate remedial measures." *Yates v. Collier*, 868 F.3d 354, 360 (5th Cir. 2017) (quoting *Hinojosa v. Livingston*, 807 F.3d 657, 669 (5th Cir. 2015))(emphasis added). Extreme temperatures may amount to a constitutional violation when the heat poses an "unreasonable risk of serious damage to a prisoners health" and officials exhibit deliberate indifference to the risk. *Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015) ("*Ball I*"). Prison officials are deliberately indifferent to an inmate's well-being if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837. The Fifth Circuit has noted that deliberate indifference is an extremely high standard to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

### b. Board Members in their official capacity

Plaintiffs have failed to sufficiently plead facts that tie the complained of action to the Board Members. For a plaintiff to show entitlement to a system-wide injunction, they must demonstrate that the "challenged conduct of the individual Board Members [is] tied to an official Board custom or policy, formal or informal." *Johnson v. Rodriguez*, 110 F.3d 299, 312 (5th Cir. 1997) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-167 (1985); *Polk County v. Dodson*, 454 U.S. 312, 325-327 (1981)) (determining that the District Court erred in certifying a class action when it failed to determine if the individual members acted pursuant to an official Texas Board of Pardons and Parole policy or custom). Plaintiffs' petition consistently cites to AD-10.64 for TDCJ policy regarding heat mitigation techniques. ECF No. 1 at ¶ 67, 81. However, AD-10.64 is an "Administrative Directive" promulgated by TDCJ, not the Board. The Board has limited authority to review policy and when it promulgates policy it labels such as Board Policy or "BP." *See, e.g.,* Texas Department of Criminal Justice Board Policy 1.01 ("BP-01.01"), *Texas Board of Criminal Justice Responsibilities, available* at https://www.tdcj.texas.gov/documents/policy/BP0101.pdf.[3] The Board's responsibilities do not include development or enforcement of TDCJ heat mitigation policy. *Id.*

Plaintiffs have failed to allege sufficient facts that the Board Members are responsible for promulgating or enforcing policy regarding the day-to-day operations like climate control. ECF

---

[3] Government websites are proper sources for judicial notice under Federal Rule of Evidence 201 and do not transform a Motion to Dismiss to a Motion for Summary Judgment under the Federal Rules of Evidence. *See* Fed. R. Evid. 201(d); *Cicalese v. Univ. of Tex. Med. Branch*, 456 F. Supp. 3d 859, 871 (S.D. Tex. 2020)(quoting *Residents v. Zone*, 260 F. Supp. 3d 738, 757 (S.D. Tex. 2017) (Harmon, J.) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011), *aff'd* 734 F. App'x 916 (5th Cir. 2018))(citing *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005)).

No. 1 at ¶ 16-24. While the TBCJ may adopt rules for its own procedures and operation of the department, state law allows the Board to delegate management responsibilities of the agency to the executive director. *See* Tex. Gov't Code § 492.013; Texas Department of Criminal Justice Board Policy 1.03, *Delegation of Authority to Manage the Texas Department of Criminal Justice* ("BP-01.03"), *available at*: https://www.tdcj.texas.gov/documents/policy/BP0103.pdf. The Board has delegated daily management to the executive director of TDCJ, and none of the required Administrative Directive reviews in BP-01.01 include heat mitigation techniques. *See* BP-01.01 at 8-11; BP-01.03 at 2. Additionally, the Legislature has directed that the Correctional Institutions Division "shall operate and manage the state prison system." Tex. Gov't Code § 493.004.

Plaintiffs may not extend liability to the Board Members for TDCJ Executives actions because a plaintiff may not establish Section 1983 liability under the theories of *respondeat superior* or vicarious liability. *Blakely v. Andrade,* 360 F. Supp. 3d 453, 488 (N.D. Tex. 2019)(citing *Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). Instead, to establish supervisory liability under Section 1983, a plaintiff must show that the supervisor directly participated in the constitutional violation and acted with deliberate indifference. *Id.* (citing *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000)).

In summary, Plaintiffs' claims against current and former TBCJ members should be dismissed because Plaintiffs have failed to plead factual allegations that the Board Members had any personal involvement in the promulgation or enforcement of TDCJ's heat mitigation policies. Because Plaintiffs do not tie any alleged constitutional violation to direct actions of the Board Members, Plaintiffs lack standing against them. As a result, this Court should dismiss the official capacity claims against each of the Board Members.

### c. Individual capacity claims for all Defendants

Plaintiffs lack standing against Defendants in their individual capacities because they seek injunctive relief. Injunctive relief is typically unavailable against a state official named in their *individual* capacity, as it is by virtue of their position or office that such relief can be granted. *See Scott v. Flowers*, 910 F.2d 201, 213 (5th Cir. 1990) (noting that "the injunctive relief sought [expungement] and won by [the plaintiff] can be obtained from the defendants only in their official capacity as commissioners"); *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991) (noting that "injunctive relief against a state official may be recovered only in an official capacity suit"); *Simmons v. Jackson*, No. 3:15-CV-01700-S-BT, 2018 WL 7021485, at *6 (N.D. Tex. 2018) *magistrate judge's rec'md accepted by* 2019 WL 186654 (N.D. Tex. 2019) (noting that "[e]quitable relief is not available against government actors sued in their individual capacities")).

Here, Plaintiffs seek to have climate control installed in all Texas prisons because they allege the current heat mitigation techniques violate the Eighth Amendment. ECF No. 1 at ¶ 120-21. However, Plaintiffs' individual capacity claims fail, because prospective injunctive relief related to agency action cannot be sought against Defendants in their individual capacities.

Moreover, Plaintiffs do not have standing to sue Defendant DeAyala in any capacity as he is now a member of the Texas House of Representatives and not part of the Board. *See* Texas House Member Rep. DeAyala, Mano, District 133, available at *https://house.texas.gov/members/member-page/?district=133*. Defendants, therefore, request dismissal of all individual capacity claims that seek prospective injunctive relief.

### d.   Deliberate indifference in heat cases

Plaintiffs fail to state a constitutional violation regarding their conditions of confinement. First, Plaintiffs' own pleadings indicate that TDCJ has taken steps to mitigate heat conditions. Plaintiffs state the multiple ways TDCJ alerts staff and inmates to any potential dangers of extreme temperatures in addition to the heat mitigation techniques of fans, ice water, etc. ECF No. 1 at ¶ 85-91. Plaintiffs admit that the heat mitigation measures and various notices "mitigate the result of exposure to extreme heat," but instead they seek air conditioning to prevent the conditions of extreme heat. *Id.* at ¶ 91. Plaintiffs' allegations are insufficient to establish deliberate indifference by Defendants. Instead, Plaintiffs' allegations indicate that TDCJ has taken affirmative steps to mitigate extreme temperatures.

Second, Plaintiffs have failed to plead facts that indicate Defendants are aware of a substantial risk of serious harm to inmates due to inefficacy of heat mitigation measures on a system-wide level. Plaintiffs omit any factual allegations in their Complaint that Defendants knowingly disregarded the issue of extreme heat system-wide. *See* ECF No. 1 at ¶ 102-105 (section titled "Deliberate Indifference"). Instead in their deliberate indifference section, Plaintiffs generally conclude that Defendants are indifferent to the dangers of extreme heat conditions. *Id.* Plaintiffs claim that the obviousness of the danger of extreme heat, the extensive litigation regarding extreme heat and mitigation techniques, and formal inmate grievances as examples that should have alerted Defendants to the physical danger of extreme heat conditions. *Id.* But the Defendants do not contend that unregulated extreme heat may be dangerous to an inmate's health depending on a multitude of physical and environmental factors. Instead, the Defendants' contention is that the heat mitigation techniques, when adequately applied, prevent cruel and

unusual conditions. Therefore, Plaintiffs fail to plead any facts to demonstrate that Defendants knowingly disregarded an excessive risk to inmate health and safety.

Also, Plaintiffs may not contend that the Defendants or TDCJ acted deliberately indifferent in applying unsatisfactory techniques. The Fifth Circuit has considered TDCJ's heat mitigation techniques measures and upheld them as suitable remedies to prevent an Eighth Amendment violation, pre and post *Yates*.[4] *See Ball v. LeBlanc,* 881 F.3d 346, 352 n.10 (5th Cir. 2018)("*Ball II*"); *Yates v. Collier*, 868 F.3d 354 (5th Cir. 2017); and *Gates v. Cook,* 376 F.3d 323 (5th Cir. 2004). It is worth noting that the trial court in *Yates* found the techniques inadequate as applied in practice after receiving evidence on conditions at the Wallace Pack Unit and no other Texas prisons. *See Cole v. Livingston*, No. 4:14-CV-1698, 2016 WL 3258345, at *7 (S.D. Tex. June 14, 2016), aff'd sub nom. Yates v. Collier, 868 F.3d 354 (5th Cir. 2017). Nor have the Plaintiffs provided any factual allegations how this testimony from over 6 years ago applies to any updated heat mitigation practices in A.D. 10.64 since the Pack Unit litigation. Therefore, Plaintiffs have failed to plead sufficient facts to indicate that Defendants disregarded a known excessive risk to Plaintiffs.

### III.      MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

#### a.   Relevant legal standards

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a case if a plaintiff "fails to state a claim upon which relief may be granted." To survive a motion to dismiss, a party must plead sufficient facts that facially show a plausible claim to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff demonstrates a facially plausible claim when

---

[4] With *Yates* acting as the appellate court decision to certify a class action regarding the conditions of confinement at the Wallace Pack Prison Unit. 868 F.3d 354 (5th Cir. 2017).

their well-pleaded facts allow a court to draw "a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly,* 550 U.S. at 555). Courts must set aside a Plaintiff's conclusory allegations and look to the well-pleaded factual allegations to determine if a plaintiff has stated a viable claim. *Iqbal,* 556 U.S. at 679.

### b. Plaintiffs' class action claim

Plaintiffs fail to meet the high pleading standard in Federal Rule of Civil Procedure 23 ("Rule 23") for this Court to grant their request to certify a class action lawsuit for all inmates who lack constant access to air conditioning. *See* Fed. R. Civ. P. 23; ECF No. 1 at ¶ 126.  Rule 23(a) requires "that one or more members of a class may sue or be sued as representative parties on behalf of all members only if:

> **(1)** the class is so numerous that joinder of all members is impracticable;
> **(2)** there are questions of law or fact common to the class;
> **(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> **(4)** the representative parties will fairly and adequately protect the interests of the class.

*Id.* Typically these mandatory elements are generally referred to as "numerosity, commonality, typicality, and adequacy of representation." *Flecha v. Medicredit, Inc.,* 946 F.3d 762, 766 (5th Cir. 2020)(quoting *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980)). To successfully state a class action, a representative must surpass a "mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Instead, plaintiffs seeking certification must affirmatively demonstrate that they are "*in fact*" sufficiently prepared to prove all Rule 23(a) elements. *Id.* (emphasis in original). Courts may dismiss a plaintiff's request to certify a class at the complaint level if it fails to meet the elements of Rule 23. *See Beckett v. Sheriff, Jefferson Cnty.,* No. 1:22-CV-

358, 2022 WL 16985069, at *1 (E.D. Tex. Oct. 17, 2022), report and recommendation adopted, No. 1:22-CV-358, 2022 WL 16964742 (E.D. Tex. Nov. 15, 2022); *Falconer v. Collier*, No. CV 6:21V502, 2022 WL 2155040, at *1 (E.D. Tex. May 16, 2022), report and recommendation adopted, No. 6:21-CV-502-JDK-KNM, 2022 WL 2134017 (E.D. Tex. June 14, 2022).

Plaintiffs fail to meet the fourth element because they proceed *pro se*. To satisfy the adequacy of representation element, Plaintiffs must find that the class representatives and counsel adequately protect the "interests of absent class members." *Sain v. Collier*, No. CV H-18-4412, 2019 WL 4144321, at *7 (S.D. Tex. Aug. 30, 2019)(quoting *Unger v. Amedisys Inc.,* 401 F.3d 316, 321 (5th Cir. 2005)). The Fifth Circuit has ruled that *pro se* plaintiffs cannot adequately represent unnamed class members. *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 162 (5th Cir. 1995) (citing *Gonzales v. Cassidy*, 474 F.2d 67, 72 (5th Cir. 1973)). Nor does Rule 23 entitle a *pro se* inmate to the appointment of a class counsel. *Sain v. Collier,* No. CV H-18-4412, 2019 WL 4144321, at *7 (S.D. Tex. Aug. 30, 2019)(quoting *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015). Plaintiffs also lack the right to an automatic appointment of counsel in civil cases. *See id.* (citing *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). When a party proceeds *in forma pauperis,* "the court 'may request an attorney to represent any person unable to afford counsel.'" *Id.* (quoting 28 U.S.C. § 1915(e))(citing *Mallard v. United States Dist. Ct. for the S. Dist. of Iowa*, 109 S. Ct. 1814, 1823 (1989)). Therefore, a court may deny the appointment of counsel when Plaintiffs fail to request leave to proceed *in forma pauperis* or have failed to provide the requisite evidence of inability to afford counsel under the Prison Litigation Reform Act. *See id.* (citing 28 U.S.C. § 1915(a)(2)).

Here, Plaintiffs are proceeding *pro se* after paying a singular filing fee. *See generally* ECF No. 1; ECF No. 11 at 1, n. 1. They move to certify a class for their claims regarding inmates at all TDCJ units who lack consistent air-conditioning. ECF No. 1 at ¶ 126. Under Rule 23 standards, Plaintiffs cannot act as adequate counsel and this Court should deny Plaintiffs' request to certify a class in this lawsuit. Plaintiffs are also not entitled to the appointment of class counsel as they have not requested leave to proceed *in forma pauperis*, nor have they demonstrated their inability to afford filing fees. *See generally* ECF No. 1.

Plaintiffs attempt to paint with a broad brush to demonstrate typicality with other class members. Class representatives must demonstrate that their claims "have the same essential characteristics of those of the putative class." *Stirman v. Exxon Corp.,* 280 F.3d 554, 562 (5th Cir. 2002)(quoting *James v. City of Dallas,* 254 F.3d 551, 571 (5th Cir. 2001)). But Plaintiffs fail to specify how the application of any of the heat mitigation techniques at the Robertson Unit mirror those in the other seventy prison units Plaintiffs claim lack appropriate climate control. Plaintiffs aver that these issues are mere examples of systemic issues but fail to elaborate on how alleged heat mitigation deficiencies at the Robertson Unit extend to each TDCJ unit without air conditioning. ECF No. 9 at 1-2. Plaintiffs also fail to allege how they as class members from a single unit have experienced the same injuries or risks as inmates from all other prison units without air conditioning in housing or work areas. *See generally* ECF No. 1. This is especially important as Courts evaluate the different temperature indexes, any susceptibilities to heat-related injuries, location of fans, or other application of heat mitigation measures when determining if a violation of the Eighth Amendment has occurred. *See Ball I,* 792 F.3d at 595-596.

Plaintiffs also fail in demonstrating commonality under Rule 23. To demonstrate commonality, a plaintiff must demonstrate a common contention that "is capable of class wide resolution." *Wal-mart*, 564 U.S. at 350. While Plaintiffs base their claims on the heat mitigation policies established in TDCJ Administrative Directive 10.64, the Prison Litigation Reform Act ("PLRA") would indicate the Eighth Amendment evaluation would require a unit-by-unit analysis to determine if any other measures exists before installing air conditioning. *See* 18 U.S.C. § 3626(a)(1)(A). Like the typicality analysis, the commonality element would require multiple different examinations of the various prison units and therefore, would not yield a common answer.

### c. Plaintiffs' requested remedies versus precedent

Plaintiffs' suit requests equitable relief that contradicts established precedent. Plaintiffs request this Court to declare TDCJ's actions regarding heat mitigation techniques as unconstitutional and permanently enjoin defendants to provide air conditioning in all TDCJ prison unit housing and work areas. *See* ECF No. 1 at ¶ 127-28. Plaintiffs request that this Court permanently enjoin Defendants to maintain a temperature range of 65-85 degrees in all prison units. *Id.* at ¶ 128. Plaintiffs devote several paragraphs in their Original Complaint stating that the mitigation measures in themselves cannot prevent extreme heat that would constitute an Eighth Amendment violation. *Id.* at ¶ 85-93. Instead, Plaintiffs state that the measures taken by TDCJ "merely mitigate the results of exposure to extreme heat." *Id.* at ¶ 91. As a result, they seek air conditioning because that is the "only measure that can PREVENT the CONDITIONS" leading to extreme heat. *Id.* at ¶ 93 (emphasis in original). Plaintiffs have further clarified that they are alleging it is unconstitutional that Defendants fail to implement policy mandating all Texas prison units to maintain temperature ranges of 65-85 degrees Fahrenheit. ECF No. 9 at 1.

But Plaintiffs apply the wrong standard to determine an Eighth Amendment violation. The "'Constitution does not mandate comfortable prisons,'" but instead requires prisons to reduce the risk to a "'socially acceptable level.'" *Ball II,* 881 F.3d at 352 n.10 (quoting *Ball I,* 792 F.3d at 592)(further citations omitted). The Fifth Circuit has determined that requiring units to provide air conditioning is seen as an appropriate solution when no other sufficient remedy exists. *Yates v. Collier,* 868 F.3d 354, 370 (5th Cir. 2017)(interpreting *Ball I*, 792 F.3d at 598-600). The PLRA requires any prospective injunctive relief must be "narrowly drawn" and "shall extend no further than necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The Fifth Circuit has determined that heat mitigation measures such as ice, fans, and other heat mitigation techniques offered by TDCJ may suffice as adequate remedial measures to reduce exposure to extreme temperatures. *Ball II,* 881 F.3d at 352 n.10. Traditionally, the Fifth Circuit has avoided implementing temperature ranges when considering heat cases in prisons and has precluded district courts from requiring  temperature ranges because of concerns of failing to meet the "narrowly-drawn" requirement of the PLRA. *Id.* at 352-53 (interpreting *Ball I,* 792 F.3d at 598 and *Gates v. Cook,* 376 F.3d 323 (5th Cir. 2004)).

Here, Plaintiffs fail to state an Eighth Amendment violation because they fail to show that TDCJ's heat mitigation techniques measures are *per se* unconstitutional. As Plaintiffs admit and the courts have recognized, TDCJ's heat mitigation measures of providing ice, water, fans, access to cool showers, and respite areas are adequate remedies to mitigate extreme temperatures. *Ball II,* 881 F.3d at 352 n.10; ECF No. 1 at ¶ 91. In fact, the Fifth Circuit has recognized that heat mitigation measures like those employed by TDCJ provide a sufficient remedy to extreme heat and do not yield an Eighth Amendment violation. *Gates*, 376 F.3d at 339.

Additionally, the Plaintiffs cite Dr. Vassallo's testimony supporting their claims that the mitigation techniques fail to prevent heat sickness. ECF No. 1 at ¶ 78, 80. However, Dr. Vassallo has also previously testified that other heat mitigation techniques exist that are less invasive than facility-wide air conditioning. *See Ball I,* 792 F.3d at 599. Therefore, precedent contradicts Plaintiffs' contention that air conditioning is *per se* necessary to prevent an Eighth Amendment violation. As a result, Defendants are entitled to dismissal.

Alternatively, if Plaintiffs are instead asserting that TDCJ cannot practically implement their policies,[5] they would still fail to state a claim because they rest on conclusory allegations. Plaintiffs allege that certain TDCJ policies are imperfectly practiced at the Robertson Unit. ECF No. 1 at ¶ 69-70. Plaintiffs also generally aver that understaffing, overcrowding, and/or prison conditions prevent the implementation of the heat mitigation policies. *Id.* at ¶ 68, 72, 76. But Plaintiffs fail to substantiate their allegations of understaffing, overcrowding, or prison conditions with sufficient facts to state a viable Eighth Amendment claim and rest only on their conclusory allegations. *See generally* ECF No. 1.

Plaintiffs also fail to state a viable claim for a permanent injunction requiring Defendants to establish mandatory temperature ranges in TDCJ prison units. As stated above, the Fifth Circuit has eschewed ordering mandatory temperature ranges. *Ball II*, 881 F.3d at 352 n.10. *Ball II* recounted how the Court has specifically rejected the idea of maximum temperatures under the Eighth Amendment and the PLRA on multiple occasions. *Id.* Based on existing precedent and the fact that Plaintiffs fail to plead facts that sufficiently allege their solution is the most narrowly drawn

---

[5] Contrary to their advisory filed with the Northern District. *See* ECF No. 9 at 1-2.

means for all 70 non-air-conditioned TDCJ units, Plaintiffs have failed to state a viable claim. As a result, this Court should dismiss the claims for injunctive relief. ECF No. 1, ¶¶ 128-29.

## IV. PRAYER

Defendants PRAY that the Court dismisses Plaintiffs' claims and denies their request to certify a class action. The Court should dismiss these claims because Plaintiffs fail to establish standing and fail to state a justiciable claim. Alternatively, the Court should dismiss these claims because the Plaintiffs request relief unavailable based on precedent.  Defendants also request that this Court deny Plaintiff's request to certify a class of all inmates in TDCJ who lack air-conditioning in housing and work areas because Plaintiffs have failed to meet the high pleading standard of Rule 23.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Austin K. Hamby*
**Austin K. Hamby**
Assistant Attorney General
Texas State Bar No. 24105304
Southern Filing ID No. 3804760

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9994
Austin.Hamby@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I, **AUSTIN K. HAMBY**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above **Defendants' Motion to Dismiss** in accordance with the Electronic Case Files System of the Western District of Texas on March 28, 2023.

/s/ *Austin K. Hamby*
**Austin K. Hamby**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **AUSTIN K. HAMBY**, certify that a true and correct copy of the foregoing, **Defendants' Motion to Dismiss**, has been served via Certified Mail, Return Receipt Requested, on March 28, 2023:

Matthew Baker, TDCJ# 2227525
Robert Andrews, TDCJ# 2214727
Timothy Cone, TDCJ# 1688760
Allan Kerns, TDCJ# 2303607
James Elmore, TDCJ# 2273850
Adam Thomas, TDCJ# 2254371
William Oliver, TDCJ# 2290434
Seth Batterton, TDCJ# 2154923
Dannie Carter, TDCJ# 2013581
Juan Martinez, TDCJ# 2017980
Robertson Unit
12071 FM 3522
Abilene, Texas 79601

*CMRR* **7017 2680 0000 5260 2071**

/s/ *Austin K. Hamby*
**Austin K. Hamby**
Assistant Attorney General