# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MATTHEW BAKER, et al., | § | |
|     *Plaintiffs*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. A-22-CV-1249-RP |
| | § | |
| BRYAN COLLIER, et al., | § | |
|     *Defendants*. | § | |

## DEFENDANTS COLLIER, MENDOZA, LUMPKIN, O'DANIEL, PERRYMAN, MILES, DeAYALA, FRANCIS, JOHNSON, SIV, NICHOLS AND BURROW ORIGINAL ANSWER AND JURY DEMAND

COME NOW Defendants Bryan Collier, Oscar Mendoza, Bobby Lumpkin, Patrick O'Daniel, Derrelynn Perryman, Larry Miles, Mano DeAyala, Molly Francis, Faith Johnson, Sichan Siv, Eric Nichols, and Rodney Burrow ("Defendants"), by and through the Office of the Attorney General for the State of Texas, who file their original answer and jury demand in response to Plaintiffs Matthew Baker, Robert Andrews, Timothy Cone, Allen Kerns, James Elmore, Adam Thomas, William Oliver, Seth Batterton, Juan Martinez, and Dannie Carter's Original Complaint. ECF No. 1.

## I.    STATEMENT OF THE CASE

Plaintiffs Matthew Baker, Robert Andrews, Timothy Cone, Allen Kerns, James Elmore, Adam Thomas, William Oliver, Seth Batterton, Dannie Carter, and Juan Martinez (collectively "Plaintiffs") are inmates currently confined in the Texas Department of Criminal Justice ("TDCJ") at the French M. Robertson Unit in Abilene, Texas. Proceeding *pro se* and paying a singular fee for ten named claimants,[1] the Plaintiffs filed suit in the Southern District of Texas,

---
[1] *See* ECF No. 11 at 1, n. 1.

Houston Division on November 1, 2022. *See generally* ECF No. 1. The Plaintiffs sue the Defendants[2] in both their individual and official capacities requesting declaratory relief and seeking a permanent injunction regarding their and other inmates' conditions of confinement. *Id*. at ¶ 25. Specifically, the Plaintiffs claim that the current heat mitigation requirements amount to cruel and unusual punishment because the "extreme [temperature] conditions constitute wanton and unnecessary infliction of pain and suffering" in all non-air-conditioned prison units. *Id*. at ¶ 119-123. The Plaintiffs suggest that the current heat mitigation techniques merely "mitigate" extreme temperatures and fail to prevent the condition of heat. *Id*. at ¶ 85, 92-93, 102-103.

The Plaintiffs request (1) that the Court certify all TDCJ inmates without air-conditioning as a class in a class-action lawsuit, (2) declare that the current temperature mitigation measures amount to cruel and unusual punishment, (3) develop a plan to ensure that current and future inmates never experience extreme heat of temperatures over 85 degrees, (4) permanently enjoin the Defendants to provide air conditioning so that all Texas prison units maintain a set range of temperatures in housing and work areas, (5) order the Defendants to refrain from retaliating to this suit, (6) award Plaintiffs' attorneys fees and court costs, (7) and all other necessary relief. *Id*. at ¶ 126-132, 134. Plaintiffs requested jury trial on all matters. *Id*. at ¶ 133. After multiple venue transfers, Defendants have requested the Court return the case to the Northern District of Texas, Abilene Division as it is a more convenient forum. ECF No. 20. Defendants have also filed a

---

[2] Defendants may be split into two groups of defendants (1) members of the Texas Board of Criminal Justice ("Board Members"), and (2) TDCJ Executive officers ("TDCJ Executives"). Defendants Patrick O'Daniel, Derrelynn Perryman, Larry Miles, Mano DeAyala, Molly Francis, Faith Johnson, Sichan Siv, Eric Nichols, and Rodney Burrow are/were members of the Texas Board of Criminal Justice. Defendants Bryan Collier, Oscar Mendoza, and Bobby Lumpkin work as executives for TDCJ.

Motion to Dismiss alleging the Plaintiffs have failed to state a claim in which they are entitled to their requested relief. ECF No. 21. Plaintiffs now file this original answer and demand for jury trial.

## II.

## ANSWER

1. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in the Plaintiffs' Original Complaint except those expressly admitted herein.

2. Defendants admit that TDCJ is an agency of the State of Texas.

3. Defendants admit that the Board of Criminal Justice ("the Board") governs TDCJ.

4. Defendants admit that the Plaintiffs were TDCJ inmates at all times relevant to the allegations in his complaint.

5. Defendants contend that the Plaintiffs have failed to state a claim that amounts to cruel and unusual punishment in violation of the Eighth Amendment.

6. Defendants deny that conditions in TDCJ units without air-conditioning in inmate housing or work areas pose a substantial risk of harm.

7. Defendants deny that they knowingly disregarded an excessive risk to the safety of the Plaintiffs or those in the proposed class.

8. Defendants deny that the heat mitigation techniques enacted by TDCJ are inadequate to prevent a substantial risk of harm.

9. Defendants deny that the heat mitigation techniques as applied in practice at TDCJ units are inadequate to prevent a substantial risk of harm.

10. In the unlikely circumstance that the Plaintiffs show that the current heat mitigation techniques are inadequate to prevent a substantial risk of harm, the Defendants deny that air conditioning

is the most narrowly drawn provision for each prison unit under the Prison Litigation Reform Act. *See* 18 U.S.C. § 3626(a)(1)(A).

11. Defendants contend that the Plaintiffs have failed to adequately plead a class action lawsuit under Rule 23 of the Federal Rules of Civil Procedure to certify a class action lawsuit. *See* Fed. R. Civ. P. 23; *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011).

12. Defendants deny that the Plaintiffs adequately act as named representatives for the proposed class.

13. Defendants contend that the Plaintiffs cannot adequately represent the proposed class as class counsel.

14. Defendants deny that there are question of law or fact in common to the proposed class.

15. Defendants deny that there are typical claims or defenses between the representative parties and the proposed class.

16. The Board Members deny that they participated in the promulgation of the heat mitigation policies.

17. The Board Members deny any allegation they are liable under 42 U.S.C. § 1983 for the implementation of TDCJ heat mitigation techniques.

18. Defendants deny that the Plaintiffs were deprived of any right, privilege, or immunity granted or secured by the Constitution and/or laws of the United States.

19. Defendants deny that the Plaintiffs are entitled to injunctive, declaratory, or any other relief demanded in Plaintiffs' Original Complaint, and further deny that the Plaintiffs are entitled to damages, attorney's fees, expenses, interest, or costs, in any amount whatsoever.

20. Defendants assert that any claim premised upon the doctrine of *respondeat superior* or vicarious liability will not support a claim under 42 U.S.C § 1983.

21. Defendants contend that the Plaintiffs failed to state a claim for which relief can be granted under 42 U.S.C. § 1983 or under any other statute, constitutional theory, or legal authority.

22. Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C § 1983, but they deny that such circumstances are present in this case.

23. Defendants assert that this suit is frivolous and without merit and as such they are entitled to recover from the Plaintiffs the amount of any attorney's fees and costs incurred in defending this suit.

## III.
## IMMUNITIES AND AFFIRMATIVE DEFENSES

24. Defendants assert that, at all times relevant to the allegations against them, they acted in good faith and with a reasonable belief that their acts were in compliance with the laws and Constitution of the United States.

25. Defendants assert their entitlement to qualified immunity against any federal claim asserted against them in their individual capacity for monetary damages.

26. Defendants assert that the Eleventh Amendment bars any federal claim for monetary damages against them in their official capacities.

27. Defendants assert that they are entitled to Sovereign Immunity for any claim not waved by Congress or the United States Constitution or recognized as an exception by established precedent in federal or state jurisprudence.

28. Defendants assert that claims for monetary damages may not be brought against them in their official capacities, as a state official acting in his or her official capacity is not a "person" subject to suit under § 1983.

29. Defendants assert their claim to all exclusions, limitations, exceptions, and reservations contained in the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. 1997e.

30. Defendants assert some or all of Plaintiffs' claims may be barred by the applicable statute of limitations and res judicata.

31. Defendants assert that some or all of Plaintiffs' claims are barred by failing to properly exhaust the TDCJ Prisoner Administrative Grievance System.

## IV.
## JURY DEMAND

32. Should trial be necessary in this suit, Defendants respectfully request a trial by jury.

## V.
## CONCLUSION

33. Defendants pray that the Plaintiffs take nothing, and that Defendants be awarded their costs and any other relief to which they may be entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division


/s/ *Austin K. Hamby*
**Austin K. Hamby**
Assistant Attorney General
Texas State Bar No. 24105304
Southern Filing ID No. 3804760

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9994
Austin.Hamby@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I, **AUSTIN K. HAMBY**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of **Defendants' Original Answer and Jury Demand** in accordance with the Electronic Case Files System of the Southern District of Texas on this March 28, 2023.

/s/ *Austin K. Hamby*
**Austin K. Hamby**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **AUSTIN K. HAMBY**, certify that on March 28, 2023, a true and correct copy of foregoing **Defendants' Original Answer and Jury Demand** was served on Plaintiffs by Certified Mail, Return Receipt Requested, as follows:

Matthew Baker, TDCJ# 2227525　　　*CMRR* **7017 2680 0000 5260 2071**
Robert Andrews, TDCJ# 2214727
Timothy Cone, TDCJ# 1688760
Allan Kerns, TDCJ# 2303607
James Elmore, TDCJ# 2273850
Adam Thomas, TDCJ# 2254371
William Oliver, TDCJ# 2290434
Seth Batterton, TDCJ# 2154923
Dannie Carter, TDCJ# 2013581
Juan Martinez, TDCJ# 2017980
Robertson Unit
12071 FM 3522
Abilene, Texas 79601

　　　　　　　　　　　　　　　　　　/s/ *Austin K. Hamby*
　　　　　　　　　　　　　　　　　　**Austin K. Hamby**
　　　　　　　　　　　　　　　　　　Assistant Attorney General